### SAMUEL BEATTY v. JOHN W. HATCHER.

1. Where, in an action for the recovery of damages, for the alleged wrongful seizure and conversion of goods to which the plaintiff claimed title, the defendant answers, simply alleging fraud in the assignment under which the plaintiff claims, on the trial, is entitled to open and close the case.
2. The fact that a clerk of a court was formerly of counsel in the case for the plaintiff in error, he making no objection at the time of striking the jury, and such a relation having ceased, is not a disqualification of the clerk to make up a struck jury in the case, of which the plaintiff in error can take advantage.
3. Without assuming to determine that a court of error will, in no case, employ the power apparently conferred by the letter of the 4th section of the act of April 12, 1858, "to relieve the district courts," etc., to reverse a judgment for error of the court below in granting a new trial, it will require a strong case to justify its exercise.

ERROR to the court of common pleas of Stark county. Reserved in the district court.

In April, 1858, Stevens & Chappel were merchants at Marlboro', Stark county, Ohio, and were largely indebted for goods. On or about the 9th day of April, 1858, they professed to sell all their stock of goods and other property to John W. Hatcher. The creditors of Stevens & Chappel, claiming the sale to be fraudulent, sued out attachments against Stevens & Chappel, and by virtue thereof the plaintiff in error, then sheriff of Stark county, seized a portion of the goods, and took them from the possession of said Hatcher, the defendant in error. Hatcher brought suit against the sheriff in the court of common pleas of Stark county, and, after several trials, recovered judgment at the February term, 1860, of the common pleas. To reverse that

judgment, this petition in error was filed in the district court, and therein reserved to this court for decision.

It is assigned for error that,

1. The court, at a preceding term, erred in refusing the defendant's motion for judgment, and in granting the plaintiff's motion for a new trial.

2. The court erred in overruling the defendant's motion to set aside the struck jury.

3. The court erred in overruling the defendant's motion to open and close the case.

These assignments of error are based upon what appears in the following bills of exception:

"JOHN W. HATCHER } In the court of common pleas,
          v.              October term, A. D. 1859.
SAMUEL BEATTY. }    BILL OF EXCEPTIONS.

"Be it remembered that, at the May term, A. D. 1859, this cause came on, for trial to the jury, upon the issues joined by the pleadings before the Honorable Lyman W. Potter, the judge holding said court at said May term; and both parties having given their evidence, and submitted said cause to the jury, under the charge of the court, the jury returned a verdict that they find the issues joined for the defendant; whereupon the plaintiff filed his motion, asking for a new trial, upon the ground that the verdict is against the law and evidence, which motion was fully argued and heard, at said May term, before said judge holding said court, who continued said motion, and took the same under advisement for decision at the present October term of said court. After the adjournment of said court at said May term, the said Lyman W. Potter, judge as aforesaid, on consideration of said motion, during vacation succeeding said May term, wrote out his decision or opinion, hereto attached, and marked 'A,' and made a part of this bill of exceptions; and afterward, during said vacation, said Honorable Lyman W. Potter resigned his office as such judge, and sent his said decision or opinion upon said motion to the Honorable J. A. Ambler, his successor in said office as judge.

"And now, at this the October term of said court, A. D.

Beatty *v.* Hatcher.

1859, the defendant filed his motion, asking said court to enter judgment in his favor upon the verdict aforesaid; whereupon, at said last mentioned term of said court, the said motion for a new trial, and 'defendant's motion to enter judgment, came on for hearing before the said Honorable J. A. Ambler and Honorable John W. Church, the judges holding said last term of said court, neither of whom was present at the trial of said cause aforesaid, and heard no part of the evidence before said jury on said trial, or the ruling or charges of said court upon said trial, and were unadvised as to the same, except so far as they ascertained the same from said paper hereto attached, and marked exhibit ' A,' and the statement of counsel in relation thereto, which statements of counsel were in many respects conflicting; but the court being of opinion, from all said information, that said verdict is against the law and against the testimony in the case, the said court now, at this term, overruled the motion of the defendant aforesaid, and refused to enter judgment upon said verdict; and said court granted the motion for a new trial, and set aside the verdict, and ordered a new trial of this cause. To all which holdings and rulings of said court, at this October term, and to the overruling of the defendant's motion aforesaid, and refusal of the court to enter judgment on the verdict aforesaid in favor of the defendant, and the granting of said motion of the plaintiff, and the setting aside said verdict, and allowing and ordering a new trial as aforesaid, the defendant excepts, and asks that this his bill of exceptions may be signed and sealed by the court, and that the same may be made a part of the record in this cause; all which is done and ordered to be done by the court accordingly."

"JOHN W. HATCHER  
    *v.*  
SAMUEL BEATTY.  

Court of common pleas, Stark county, Ohio, February term, 1860.  
BILL OF EXCEPTIONS.

" Be it remembered that, at this February term of the court of common pleas of Stark county, Ohio, 1860, the defendant came and filed his motion, objecting to the further trial of this cause, either by the court or jury, and demanded

judgment on the verdict rendered in his favor by the jury at the May term of this court, 1859; and also moved the court to set aside the struck jury summoned in this cause at the instance of the plaintiff, for the reason that William F Evans, Esq., the clerk who selected the names of the persons from which said jury was struck, was interested in the cause, and did not stand indifferent between the parties in the action, he being one of the attorneys for the defendant in this cause. And the said William F. Evans, being sworn, said that, before being elected clerk, he was one of the attorneys for the defendant, and assisted in preparing the defendant's answer, and otherwise assisted in preparing the cause for trial; but that he did not consider himself interested in said cause, or consider himself any longer attorney in the case, and that he had spoken to other counsel to represent the interest of his former client before striking the jury. On hearing which motion, the court did overrule the same, directed the parties to proceed to trial, and refused to set aside the jury. To which ruling of the court, on both branches of said motion, the defendant excepted. Thereupon the defendant, having withdrawn the first ground of defense set up in his answer, and relying solely on the second ground of defense set up in said answer, moved the court to grant him the opening and closing of said cause in giving testimony, also the opening and closing of the argument to the jury, which motion the court also overruled. To which ruling and refusal of the court the defendant also excepted, and prayed that this his bill of exceptions, in that behalf, might be allowed him; which is accordingly done, and, on his motion, the same is ordered to be made a part of the record in this cause."

*Bierce & Pease* and *Luther Day*, for plaintiff in error.

*Upham, Brown & Meyer* and *Bliss*, for defendant in error.

BY THE COURT.—The plaintiff, Hatcher, in his petition, claimed title in the goods seized by the defendant, as sheriff, and sought to recover their value from him. The first de-

fense set up in the answer having been withdrawn, the case was tried on the second defense set up in the answer, which simply alleged fraud in the assignment under which the plaintiff claimed.   This did not admit that the plaintiff ever had title to the goods, and was, in effect, only a special denial of the title alleged in the petition.   Before the plaintiff would be entitled to recover at all, he would have to show a title in himself, for the answer admits nothing but a *fraudulent* assignment, which is not an admission of any title.   This state of pleading under the third clause of section 266 of the code, gave the affirmative of the issue to the plaintiff; and there was no error in the court below so ruling.

The clerk of the court who selected the list of persons from among whom the struck jury was to be chosen, had formerly been of counsel for the plaintiff in error, the party now objecting, but had ceased to occupy that relation prior to the time when he was required to discharge this ministerial duty; and, so far as appears, he had then no interest in the result of the case.   We know of no law which disqualified him, under these circumstances, to act in the premises, especially as it does not appear that any objection was made at the time the jury was struck; and we think there was no error in the refusal of the court below to set aside the panel of struck jurors on this account.

When the motion for a new trial, the allowance of which is assigned for error, finally came on for hearing, the judge who presided at the trial had resigned; no notes of the testimony had been preserved by him; and the judges before whom the motion was heard found themselves in a position of no little embarrassment.   They were compelled to resort to the best lights attainable under the circumstances.   They referred to an opinion drawn up by their predecessor in vacation, and received the statements of counsel respectively as to what had been the testimony on the trial.   To this no objection seems to have been made.   If they had recalled the witnesses on the former trial, to re-state their testimony, or had received affidavits on the subject of their former testi-

mony, this would have been in effect, but a new trial to the court instead of a jury. The statements of counsel as to what the testimony had been on the trial, were contradictory; but *non constat* but that they so far agreed as to reasonably justify the action of the court. The record does not satisfy us affirmatively, that there was error in the action of the court, in awarding a new trial; and for this reason, if for no other, it must stand.

But, does error lie to reverse an order of the court *granting* a new trial? A motion for a new trial is addressed to the sound legal discretion of the court; and to the decision of the court on such a motion, error can not, at common law, be assigned. 2 Gra. & Wat., on New Trials, 46. An order awarding a new trial, is clearly not a final order, as defined by section 512 of the code, on which error will lie before final judgment in the case; for it is not an order which " in effect determines the action;" nor is it made " in a special proceeding after judgment."

The act of April 12, 1858, " to relieve the district courts," etc., however, provides :

SEC. 4. " In all cases pending in the court of common pleas, or either of the superior courts in this state, either party shall have the right to except to the opinion of the court on a motion to direct a nonsuit, to arrest the testimony from the jury, and also, in all cases of motion for a new trial, by reason of any supposed misdirection of the court to the jury, or by reason that the verdict, or, in case the jury be waived, that the finding of the court may be supposed to be against law or evidence, so that said case may be removed by petition in error; and when a party to a suit in either of the aforesaid courts alleges an exception to the opinion, or order, or judgment of such court, it shall be the duty of such judge or judges of such court, concurring in such judgment, opinion or order, if required by such party, during the progress of the case, to sign and seal a bill containing such exception or exceptions, before the case proceeds; or, if the party consents, the signing and sealing of such bill of exceptions may

be suspended until the trial is over, but said bill of exceptions shall be signed and sealed during the term, and such bill of exceptions when signed and sealed, shall, if the party desires it, be made part of the record in such suit." 4 Curwen's St. 3088.

In the case of *Spafford* v. *Bradley*, 20 Ohio Rep. 74, on a similar question arising under a statute precisely identical in its provisions with the section above quoted, Spalding, J., delivering the opinion of the court, remarks : " Since the right of appeal has been taken away from the parties in actions at law, this court has often interposed, under the act of 1845, to reverse a judgment, for the reason that the court in which it was rendered, had unreasonably refused a new trial; the verdict being manifestly against the evidence. This is, in effect, a second trial upon the weight of the testimony before a different tribunal, and the power conferred by the statute, upon this court, is sometimes necessarily called into exercise, to prevent a total failure of justice. Not so, however, where the error assigned is, that the court below sustained the motion for a new trial, and set aside the verdict or judgment. No irreparable wrong can be done in such a case, as it only compels the parties to retrace their steps, and submit their proofs and allegations a second time to the same tribunal. Hence, although, by the terms of the statute, the party supposing himself aggrieved, would seem entitled to his writ of error as well where a motion for a new trial is sustained, as where it is refused, no case has occurred in practice, where this court has seen fit to reverse the proceedings of a subordinate tribunal, for the sole reason that it has on motion, set aside a verdict as against evidence, and ordered a new trial."

As the act of 1845, referred to, in *Spafford* v. *Bradley*, and section 4, of the act of 1858, were both enacted simultaneously with other enactments abolishing the right of appeal from the common pleas in cases at law, the primary object of both statutes undoubtedly was to secure the *granting* of new trials in all proper cases ; and we can add our testimony to that of the court, in *Spafford* v. *Bradley*, that we have

never known a case where their provisions have been made available to reverse an order awarding a new trial. And while it is not necessary to hold that we will in no case employ this power apparently conferred by the letter of the statute, we are free to say that it will require a strong case to justify its exercise.

Judgment affirmed.

# CASES

### ARGUED AND DETERMINED

IN THE

# SUPREME COURT OF OHIO.

## DECEMBER TERM, 1862.

---

Hon. MILTON SUTLIFF, Chief Justice.
Hon. WILLIAM V. PECK,
Hon. WILLIAM Y. GHOLSON, } Judges.
Hon. JACOB BRINKERHOFF,
Hon. JOSIAH SCOTT,