Day, J.
This case comes before us on a petition in error,, authorized by the fourth section of the act of 1858 “to relieve the district courts,” &c., to reverse the judgment of the district court. But one question was made in that court, which was, whether the court of common pleas erred in refusing to grant a new trial, on the ground that the verdict, was not sustained by sufficient evidence. The court held the affirmative of this proposition, reversed the judgment of the common pleas, and remanded the case to that court for a new trial. We are now asked to reverse the judgment of the-district court, which resulted in the granting of a new trial, on the ground that the verdict was not sustained by sufficient *625 evidence. Undoubtedly this court has the legal authority to do so (Schaeffer v. Marienthal, 17 Ohio St. 183); but is this a proper case for its exercise-?
In Spafford v. Bradley (20 Ohio, 74), under the act of 1845, which contained the same provisions as those of the fourth section of the act of 1858, it was held that “a judgment of the supreme court on the circuit, reversing the judgment of an inferior tribunal for refusing a new trial, where it was claimed that the finding was against the evidence, will not, as a general rule, be considered as the subject of reversal,” by the court in bank.
The district court, under the present organization of the courts, being the successor of the old supreme court on the circuit, that case is directly in point in the one before us.
In Beatty v. Hatcher, (13 Ohio St. 115), this court approve the doctrine of the case of Spafford v. Bradley, in cases arising under the fourth section of the act of 1858.
In neither case, however, was it denied that the reviewing court possessed the power to reverse a judgment of an inferior tribunal for error in granting a new trial, on the ground that the verdict was not sustained by sufficient evidence. But it was held, that it would “ require a strong ease to justify its exercise.”
The reason for distinguishing between the refusing and the granting of a new trial is obvious. ' A refusal to grant a new trial might operate to prevent a total failure of justice, and therefore, require the interference of a reviewing court. On the contrary, no irreparable wrong can be done by granting a new trial, which merely “ compels the parties to retrace their steps, and submit their proofs and allegations a second time to the same tribunal.”
Is this, then, such a “ strong case” of error on the part of the district court, in reversing the judgment of the common pleas for refusing a new trial, and remanding it for another trial, as will justify this court in reversing the judgment of the district court ? We think not. The testimony is not sufficiently preponderating and conclusive, to warrant us in interfering to prevent a new tidal. On this point, it is proper to *626 say, that, after a careful consideration of the evidence disclosed by the record, a majority of the members of this court are not satisfied that the district court erred upon the question submitted to it, and, probably, they would not agree if required to decide the case upon the evidence. We all concur, therefore, that it is clearly a case in which the rule applied in the case of Spafford v. Bradley, should be adhered to, and that the action of the district court should not be disturbed, so far as it relates to the only question that was submitted to it.
This disposes of the principal question in the case. Others of minor importance are urged. The jurisdiction of the district court over the person of the defendant in that court is denied. The record, it is true, does not show that he was served with a summons in error, but it does show that he appeared by his attorney, by whom the case was argued in that court. This is sufficient evidence, in a proceeding in error, that he was properly in court. Under the statute, service of a summons on the attorney of record of the defendant in error, is sufficient to bring the defendant into court.
His attorney may, therefore, waive service of summons, •or appear in court for him, and thus perfect the jurisdiction of the reviewing court.
It is claimed that the leave granted by the district court :to make the heirs of Belinda Warren parties plaintiff to the petition in error, was an erroneous revivor of the action. This position cannot be maintained. It was in no proper •sense a revivor of an action. The action had been terminated by final judgment. Nor was it an attempt under the ■statute to make the heirs of the deceased party parties to the judgment. On the contrary, it was an adversary proceeding ■to annul the judgment. It partook of the nature of an orignal proceeding. It had to be commenced by petition and summons, and was subject to many of the incidents of original actions. Robinson v. Orr, 16 Ohio St. 284.
In Smetlers v. Rainey, (13 Ohio St. 568), it was held, that ■“ all the parties interested in the judgment, which it is sought •to reverse, should be brought before the court, so that the *627 affirmance, reversal or modification of the judgment, when made, shall bind all the parties.” And, subsequently, in the same case (14 Ohio St. 287), it was held, “ that sections 34, 35, and 36, in relation to parties to civil actions, by analogy at least, determine who should be made parties to the proceeding.” It is provided in one of those sections that “ all persons having an interest in the subject of the action, and in obtaining the relief demanded, may be joined as plaintiffs,” etc.
The original plaintiff in the action, and claimant of the land in controversy, had died after the judgment against her. Her husband, who was a party plaintiff with her, by the judgment was barred of his interest in the land, to which, by the law of this State, he was entitled by the curtesy. His right to bring his proceeding in error in the district court to reverse that judgment is not questioned; for he is not made a party to the petition in error in this court. The right of the heirs of the deceased party who claimed the fee of the land, to attack the judgment which debarred their right, cannot be denied. They had an equal interest with the other plaintiff in procuring the reversal of the judgment. They were, then, proper pai’ties to the proceeding for that purpose. Nay, it would seem that the defendant in that proceeding might demand that they should be made parties. It was, moreover, for his interest that they should be parties, “so that,” as said in Smetters v. Rainey, “the affirmance, reversal or modification of the judgment, when made, should bind all parties.”
This view of the case also disposes of the other question made, as to the misjoinder of parties plaintiff in the distract court. No question was made in the district court (that appears of record) upon any of the matters assigned here as error, except that relating to the new trial; nor do we discover that the plaintiff in error here was prejudiced by the action of that court, otherwise than by its ruling upon the only matter brought in question, as to which, we have already said, this court cannot affirm that there was mani- *628 ffest error. It results that the judgment of the district court must be affirmed.
Welch, C. J., and White, McIlvaine and West, JJ., concurred.