Day, J.
The plaintiffs seek to reverse the judgment of the Court of Common Pleas solely upon the ground stated in the bill of exceptions taken upon the first trial in that court.
The defendant seeks to dispose of the case by a motion filed in the reviewing court to strike the bill of exceptions from the record of the proceedings in the court below..
A reviewing court on error has no control of the records of the court below'; neither has it power to correct them nor to correct the transcripts thereof. Such corrections must be sought in the court where the record is made.
A reviewing court may, however, disregard any matter purporting to be part of the record, which is not legitimately and properly matter of record. This, then, raises the question whether the bill of exceptions, which was duly taken, signed, sealed, filed, and recorded, is to be regarded as part of the record.
There is no reason why it should not be so regarded, unless an express order of the court to that effect is required to make a bill of exceptions properly a part of the record. No such order appears in the record.
The question is settled by statutory provisions. Section 390 of the code of civil procedure provides that “ the records shall be made _ up from the petition, the process, return, the pleadings subsequent thereto, reports, verdicts, orders, judgments, and all material acts and proceedings of the court.” In regard to bills of exceptions taken under the code, it is provided in section'294 that they “ shall be *46 filed with the pleadings as part of the record.” The fourth Section of the act of April 12, 1858 (S. & 0. 1155), authorizes bills of exceptions to be’ taken embodying the evidence, as was done in this case, on motions for a new trial on the ground that the verdict of the jury or finding of the court is against the law or evidence, and provides that “ such bill of exceptions, when signed and sealed, shall, if the party desires it, be made part of the record in the suit.”
No action of the court is required expressly ordering the bill of exceptions to be made part of the record. Exceptions duly taken become matter of record-when filed, unless they are such as embody the evidence. If they do, they become part of the record, if the party desires it; and when, as in this case, they do in fact constitute part of the record as actually made, such desire of the party is presumed, unless the contrary appear. Indeed, under section 517 of the code, as amended April 18, 1870 (67 Ohio L. 114), it would seem that any bill of exceptions, properly taken in any stage of a ease, may be brought in review on petition in error by being filed therewith as one of “ the original papers ” in the case.
The bill of exceptions in question must, then, be considered as part of the record brought in review in this case.
Upon the facts disclosed by the bill of exceptions, it is only necessary to say, without stating them, it does not clearly appear that the verdict was sustained by the evi.deuce. In all such cases, the judgment rendered upon a new trial, though such trial be awarded by a reviewing court, will not be reversed. Hammond v. Hammond, 21 Ohio St. 620; Pendleton Street R. R. Co. v. Stallman’s Adm’x, 22 Ohio St. 1; Dean v. King, Ib. 118.
But in this case the new trial was allowed by the court which tried the case. The parties were merely required to retrace their steps in the same court. Upon the new trial, no exception was taken to any ruling of the court, or to the finding of the jury. It may then be fairly presumed that the judgment rendered on that trial was in accordance *47 with the law and the evidence. This affords a good reason for applying to the case the rule, as settled in Conord v. Runnels, 23 Ohio St. 601, that a motion for a new trial is addressed to the sound discretion of the court, and when granted, the judgment rendered on the new trial will not be reversed for error in allowing such new trial. This may now be regarded to be the settled rule in this state, as, indeed, practically, it always has been in like cases; Spafford v. Bradley, 20 Ohio, 74; Beatty v. Hatcher, 13 Ohio St. 115; and cases cited, supra.

Judgment affirmed.

Whitman, Weight, and Johnson, JJ., concurred; Scott, Chief Judge, not sitting.