DAVIS ET AL. *v.* JONES ET AL.

(Decided October 21, 1929.)

*Messrs. Rheinfrank, Simmons, Lindecker & Lamb* and *Mr. H. H. Dumuth,* for plaintiffs in error.

*Mr. Charles E. Scott* and *Mr. George C. Rings,* for defendants in error.

WILLIAMS, J.   On April 9, 1927, in an action in which Lyman C. Jones and Susanna Jones were plaintiffs, and Nora Bowman, Angeline May Davis, Fred E. Davis, and the Kunkle State Bank were defendants, the court of common pleas entered by consent of parties a decree of specific performance of a verbal contract to leave real property by will, upon the theory that there had been part performance thereof; but said decree was made upon condition that the plaintiffs support the defendant Nora Bowman during her lifetime, and contains provisions to secure the performance of the contractual provisions

relating to support. The decree also provided that if the plaintiffs supported the defendant Nora Bowman during her lifetime they should become the owners absolutely and in fee simple of the real estate described as farm property upon the death of the said Nora Bowman, and that the court should retain jurisdiction of the cause for the purpose of determining any questions that might arise under that part of the decree which enjoins Nora Bowman from disposing of or encumbering the said real estate.

On March 1, 1929, Nora Bowman having died in the meantime, the court, without reviving the action in the name of the personal representative of the decedent, and without any notice to the defendants Angeline May Davis and Fred E. Davis, entered an order which recited that the plaintiffs had fully performed their part of the contract, and then decreed that the title to the real estate, consisting of the farm property, was in the plaintiffs, and directed that a copy of the journal entry be recorded with the recorder and that the auditor and treasurer of the county transfer real estate on their records in the name of Nora Bowman to the names of plaintiffs.

Thereafter, and at the same term of court, the defendants Angeline May Davis and Fred E. Davis filed their motion to set aside the decree of March 1, 1929, claiming that it was irregularly obtained, because they had no notice of the hearing, and that there had been no revivor of the action. Upon hearing of this motion, which was at the same term of court at which the decree was entered, no evidence was offered, but counsel for the defendants Angeline May Davis and Fred E. Davis made a professional statement in which the facts were fully recited, and from which it appears that Nora Bowman died

testate and that her will, which was duly admitted to probate, bequeathed and devised all her property to the defendant Angeline May Davis, and also named her as executrix. It also appeared from this statement of counsel that no evidence had been offered at the hearing as to whether plaintiffs had fully performed and carried out the terms and conditions of the decree of April 9, 1927. In the course of this statement counsel asked that a hearing be had on these questions, and that the decree of March 1, 1929, should be set aside for that purpose. Without giving the defendants Angeline May Davis and Fred E. Davis an opportunity to offer evidence, the court overruled the motion, entered judgment overruling the motion, and refused to set aside the decree of March 1, 1929, and this proceeding in error is brought to reverse that judgment.

We are of the opinion that the court erred in overruling the motion. It appears from the record that the decree of March 1, 1929, was entered without notice to the defendants Angeline May Davis and Fred E. Davis, and was made without a revivor of the action in the name of the executrix of the last will and testament of the decedent. As her legatee and devisee under the last will and testament of the decedent, Angeline May Davis was entitled to her day in court, and no valid decree binding upon the estate of the decedent could be entered without a revivor.

For the reasons given the judgment of the court below will be reversed, and the cause remanded for further proceedings according to law.

*Judgment reversed and cause remanded.*

LLOYD and RICHARDS, JJ., concur.