WISE, APPELLEE, *v.* BISHOP, APPELLANT.

(No. 482—Decided December 20, 1946.)

*Mr. Marcus C. Downing,* for appellee.
*Messrs. Betts & Betts,* for appellant.

JACKSON, J.   The record discloses that the verdict of the jury was returned February 7, 1946, and the motion for new trial was filed by the appellant on February 15, 1946.   The journal entry overruling the motion for new trial and rendering judgment on the verdict was filed April 1, 1946.

The April term of court was fixed to begin as of April 1, 1946.

A motion to dismiss an appeal to this court was filed herein April 23, 1946.   Such motion is on the ground that the motion for a new trial was not filed within three days after the rendition of the verdict.

Section 11578, General Code, at the time of the filing of the petition on January 11, 1945, required that such

an application for a new trial must be made at the term the verdict, report or decision is rendered, except for the cause of newly discovered evidence, material for the party applying, which he could not with reasonable diligence discover and produce at the trial. The application must be made within three days after the verdict or decision was rendered, unless applicant was unavoidably prevented from filing it within such time.

Section 11578, General Code, as amended (121 Ohio Laws, 367), provides:

"The application for a new trial must be made within ten days after the journal entry of a final order, judgment or decree has been approved by the court in writing and filed with the clerk for journalization, except for the cause of newly discovered evidence, material for the party applying, which he could not with reasonable diligence discover and produce at the trial. If a party was unavoidably prevented from filing an application for a new trial within such time, the court may in the interest of justice extend the time."

In the instant case no question is raised that the motion for new trial was filed within term. However, eight days elapsed after the verdict of the jury before the filing of such motion.

Section 11578, General Code, as amended, makes no reference to the term of court at which the verdict is rendered but the time within which a motion for new trial must be filed is fixed at ten days after the journal entry has been approved by the court in writing and filed for journalization, except for the cause of newly discovered evidence, and if a party is unavoidably prevented from filing the motion within such time the court may, in the interest of justice, extend the time.

The motion to dismiss the appeal raises the question whether former Section 11578, General Code, or amended Section 11578, effective October 11, 1945, applies

with reference to the time within which a motion for a new trial must be filed.

This question is neither necessary nor proper at this time. If the provisions of amended Section 11578 apply, the motion for a new trial was filed within the ten days prescribed. If the provisions of former Section 11578 apply, it does not, for the reasons hereinafter mentioned, affirmatively appear that the motion for a new trial was not filed within the time prescribed.

As shown by the original papers and the transcript of the docket and journal entries, the motion for a new trial was duly heard, considered and overruled by the court.

No attack, by motion or otherwise, was made upon the filing of the motion for a new trial, and no motion was made challenging the irregularity, if any, in the filing of the motion for new trial, until April 23, 1946, when the motion to dismiss was filed in this court.

Former Section 11578 permitted the filing of a motion for new trial more than three days after the verdict if the applicant was unavoidably prevented from filing such motion within three days. The Common Pleas Court, no motion to strike having been filed or objection otherwise having been made by plaintiff, acted upon the motion as though it had been filed within the proper time, and, therefore, it must be presumed, in the absence of anything to the contrary appearing of record, that such a state of facts existed as would permit the filing of the motion at the time it was filed, and that the court acted within its jurisdiction and authority.

This is in accordance with the rule that every presumption will be indulged to afford a party the benefit of the remedial and procedural statutory provisions clearly and obviously intended. *Hoffman* v. *Knollman,* 135 Ohio St., 170, 173, 20 N. E. (2d), 221.

It also appears from the transcript and the indorsement on the bill of exceptions that the latter was filed within the time limited by law, and, it being presumed that the motion for a new trial was filed within the time limited by law, all assignments of error are considered, which require resort to the bill of exceptions.

*Motion overruled.*

MIDDLETON, P. J., and GUERNSEY, J., concur.