ARTHUR S. LANGENDERFER, INC., APPELLEE, v. BRINK'S, INC., APPELLANT.*

(No. 4732—Decided November 16, 1953.)

*Messrs. Shumaker, Loop & Kendrick* and *Mr. Thomas I. Webb,* for appellee.
*Mr. Harold C. Moan,* for appellant.

FESS, J.  This is an appeal on questions of law from a judgment entered by the Common Pleas Court dismissing an appeal taken by the defendant, appellant herein, on questions of law and fact to the Common Pleas Court from a judgment of the Municipal Court of Toledo, Ohio.

The judgment was entered in the Municipal Court on December 13, 1951.  A motion for a new trial was filed December 26, 1951, and overruled January 3, 1952.  Notice of appeal to the Common Pleas Court was filed January 23, 1952.  On March 11, 1953, the plaintiff, appellee herein, filed its motion to dismiss the appeal from the Municipal Court on the ground that the notice of appeal was not filed within the time required by law.  The motion to dismiss was sustained, and the appeal

*Motion to certify the record overruled, February 24, 1954.

dismissed on May 27, 1953. Section 1901.21, Revised Code (Section 1599, General Code).

The Uniform Municipal Court Act (Chapter 1901, Revised Code) contains no provision with respect to the time within which a motion for a new trial may be filed, but Section 1901.21, provides that in any civil case, if no special provision is made in the act, the practice and procedure shall be the same as is provided for in Courts of Common Pleas.

Section 2321.19, Revised Code (Section 11578, General Code), provides:

"The application for a new trial must be made within ten days after the journal entry of a final order, judgment, or decree has been approved by the trial court in writing and filed with the clerk of the court for journalization, except for the cause of newly discovered evidence, material for the party applying, which he could not with reasonable diligence discover and produce at the trial. If a party was unavoidably prevented from filing an application for a new trial within such time, the court may in the interest of justice extend the time."

It appears from the record on this appeal that the motion for a new trial was filed more than ten days after the judgment, but the record discloses also that the motion was entertained by the court, considered and overruled. For aught the record discloses, the court, in the interest of justice, may have extended the time for filing, otherwise it would have been stricken or dismissed. There is a well known presumption that, in the absence of a showing to the contrary, a court is presumed to have performed its duty in accordance with legal precepts and practices. As in the case of *Wise* v. *Bishop,* 79 Ohio App., 523, 74 N. E. (2d), 392, no motion to strike having been filed or objection otherwise having been made by the plaintiff, the Municipal Court acted upon the motion as though it had been filed within the proper time; and it must be presumed, in the absence of anything to the contrary appearing on the record, that such a state of facts existed as would permit the filing of the motion at the later date. It must also be presumed that the court acted within its jurisdiction and authority. Furthermore, every presumption will be indulged to afford a party the benefit of the

remedial and procedural statutory provisions clearly and obviously intended. *Hoffman* v. *Knollman,* 135 Ohio St., 170, 173, 20 N. E. (2d), 221.

Section 2505.07, Revised Code (Section 12223-7, General Code), provides, in part, that when a motion for a new trial is filed, if it is filed by either party within ten days after the filing of the journal entry of a final order, the time for appeal shall be extended. Such provision must be construed in the light of Section 2321.19, Revised Code. In construing the statutory provisions with regard to the perfecting of an appeal, the courts of Ohio have been exceedingly liberal in refusing to dismiss an appeal on technical grounds. Cf. *Perry* v. *Baskey,* 90 Ohio App., 338, 106 N. E. (2d), 790, and authorities therein cited. As in *In re Guardianship of Wisner,* 148 Ohio St., 31, 72 N. E. (2d), 751, in the spirit of liberal construction of procedural matters, we find that the notice of appeal was filed within 20 days from the overruling of the motion for a new trial by the Municipal Court, and the judgment of the Common Pleas Court dismissing the appeal is reversed and the cause remanded to that court for further proceedings.

*Judgment reversed and cause remanded.*

Conn and Deed, JJ., concur.