Matthias, J.
The question which we must consider is whether there is a final order of the Court of Appeals from which an appeal can be taken.
In other words, is an order of the Court of Appeals dismissing an appeal as one on questions of law and fact but retaining such appeal as one on questions of law, pursuant to Section 2505.23, Revised Code, a final appealable order?
To determine this question we must consider the fundamental principles of appellate procedure.
It is a basic principle of our system of appellate procedure that only judgments and final orders are subject to review. There must be a final determination in the lower court before a reviewing court has jurisdiction to consider the matter. See, for example, City of Cincinnati v. Cormany, 96 Ohio St., 596, 118 N. E., 1082.
The term, “final order,” is defined by statute. Section 2505.02, Revised Code, reads in part as follows:
“An order affecting a substantial right in an action which in effect determines the action and prevents a judgment, an order affecting a substantial right made in a special proceeding or upon a summary application in an action after judgment * * * is a final order which may be reviewed, affirmed, modified, or reversed, with or without retrial.”
Thus, under the statute, an order to be final must affect a substantial right and have the effect of determining the action and preventing final judgment. As Judge Hart said in Hoffman v. Knollman, 135 Ohio St., 170, 184, 20 N. E. (2d), 221:
“The very nature of the decision or ruling of the court in granting a motion for new trial indicates that nothing has been *458 attained at this stage of the proceeding to give it such finality as is comprehended by the terms ‘judgment’ or ‘final order.’ There must be a dismissal of the action or some judgment in the broadest sense, determining the ultimate rights of the parties. The general verdict of the jury, as well as the granting of a motion for new trial, are merely interlocutory steps in the progress of the trial toward finality and judgment, but up to that point in. the trial there is neither a judgment nor final order. ’ ’
Therefore, to determine whether an order dismissing an appeal as one on questions of law and fact but retaining it as on questions of law constitutes a final appealable order, we must consider the practical operation and effect of such order. Does it in any way determine the action or foreclose appellant from further urging his cause ?
At the outset, it mnst be remembered that, under the statute, such dismissal does not effectively dispose of the appeal. Section 2505.23, Revised Code, provides as follows:
“Appeals on questions of law and fact may be taken from any court, tribunal, commission, or officer to any court of record as may be provided by law.
“Whenever an appeal on questions of law and fact is taken in a case in which it is determined by the appellate court that the appellant is not permitted to retry the facts, the appeal shall not be dismissed, but it shall stand for hearing on appeal on questions of law.”
Thus under the law the Court of Appeals necessarily must still consider this cause on its merits on questions of law, including the weight of the evidence.
At this point, it should also be pointed out that the trial de novo as it previously existed no longer prevails in Ohio. Section 2505.21, Revised Code, provides in part as follows:
“An appeal taken on questions of law and fact entitles the party to a hearing and determination of the facts de novo which shall be upon the same or amended pleadings. The court shall review the final order, judgment or decree upon such part of the record made in the trial court as any party may present to the court and such additional evidence as upon application in the interest of justice the court may authorize to be taken, *459 such evidence to be presented in the manner and form prescribed by the court.”
An appeal on questions of law and fact is considered primarily on the record made in the lower court (as in an appeal on questions of law) with the right to introduce additional evidence governed by the sound discretion of the Court of Appeals.
In the instant case, therefore, we have a different situation from the one which existed in Bradford et al., Admrs., v. Micklethwaite, 163 Ohio St., 301, 127 N. E. (2d), 21, i. e., one where the General Assembly has changed the appellate procedure in relation to appeals on questions of law and fact. See syllabus in Youngstown Municipal Ry. Co. v. City of Youngstown, 147 Ohio St., 221, 70 N. E. (2d), 649.
It should further be noted at this point that, under the provisions of Section 6, Article IY of the Ohio Constitution, it is only where a case is tried in the trial court to a jury that the concurrence of all three judges is necessary to reverse on the weight of the evidence.
Clearly, there has been no final determination of rights in this matter. The cause is still pending in the Court' of Appeals where it must yet be determined on its merits. Appellant will have every opportunity to be heard and to urge his objections to the actions of the trial court, including urging the proposition that its action was against the weight of the evidence. He is not foreclosed from urging the alleged error of the Court of Appeals in dismissing his appeal as one on questions of law and fact. If on the hearing on questions of law the judgment of the Court of Appeals is adverse to the appellant he may then prosecute his appeal to this court and at that time urge the alleged error of which he now complains. There has been no final determination affecting a substantive right of appellant.
It must be concluded, therefore, that an order of the Court of Appeals dismissing an appeal as one on questions of law' and fact but retaining such appeal as one on questions of law, pursuant to the provisions of Section 2505.23, Bevised Code, does not constitute a final order from which an appeal can be taken to this court. See dissenting opinion of Taft, J., in Brad *460 ford et al., Admrs., v. Micklethwaite, supra (163 Ohio St., 301, 317).
It has been urged that Rule XXIY of this court permits an appeal from this type of order. Rule XXIY provides as follows:
“Where an appeal has been taken to the Court of Appeals on questions of law and fact and the Court of Appeals enters an order holding that that court does not have appellate jurisdiction to hear the case on questions of law and fact and retains the case on questions of law, any appeal from such order shall be on condition that a motion to certify the record be allowed by this court leaving the appeal on questions of law in the Court of Appeals pending the decision in this court.” (As amended January 15, 1952.)
It is fundamental, however, that courts have only such jurisdiction as is conferred upon them by the Constitution or by the Legislature acting within its constitutional authority. Jurisdiction may not be assumed by a court by rule or by consent.
The jurisdiction of the Supreme Court is established by Section 2, Article IY of the Ohio Constitution, which reads in part as follows:
“It shall have original jurisdiction in quo warranto, mandamus, habeas corpus, prohibition and procedendo, and appellate jurisdiction in all cases involving questions arising under the Constitution of the United States or of this state, in cases of felony on leave first obtained, and in cases which originated in the Courts of Appeals, and such revisory jurisdiction of the proceedings of administrative officers as may be conferred by law. * * * In cases of public or great general interest the Supreme Court may, within such limitations of time as may be prescribed by law, direct any Court of Appeals to certify its record to the Supreme Court, and may review, and affirm, modify or reverse the judgment of the Court of Appeals.”
It is apparent from an examination of this section that the only revisory jurisdiction of the Supreme Court over the Court of Appeals relates to judgments of that court. Although the term, “judgments,” has been interpreted to include “final orders,” it is axiomatic under our system of jurisprudence that *461 orders must be final before they are reviewable. Since only judgments or final orders are subject to review, the finality of the order goes to the jurisdiction of the reviewing court, and it has been held that such jurisdiction cannot be extended by the General Assembly by providing for a review of orders which are not final orders, nor can the General Assembly by legislative declaration make an order a final order when in fact under our system of jurisprudence it is not a final order. See Hoffman v. Knollman, supra (135 Ohio St., 170), and Green v. Acacia Mutual Life Ins. Co., 156 Ohio St., 1, 100 N. E. (2d), 211. Thus, neither may a court by rule create an appeal where no appeal lies.
Since we hold that an order of the Court of Appeals dismissing an appeal as one on questions of law and fact does not constitute a final order, this court cannot by rule make such order appealable.
The dismissal of the appeal as one on questions of law and fact not being a final order reviewable by this court, the appeal must be dismissed, and the cause is remanded to the Court of Appeals for further proceedings according to law.

Appeal dismissed.

Doyle, Taet, Herbert and O’Neill, JJ., concur.
Zimmerman, acting C. J., and Bell, J., dissent.
Zimmerman, J., sitting in the place and stead of Weygandt, C. J.
Doyle, J., of the Ninth Appellate District, sitting by designation in the place and stead of Zimmerman, J.