The UNITED STATES of
America, Plaintiff,

v.

Delbert Leonard MINISEE, Defendant.

C.A. No. C–3–86–288.

United States District Court,
S.D. Ohio, W.D.

Nov. 20, 1986.

**122**

Barbara Beran, Columbus, Ohio, for plaintiff.

James W. Armstrong, Dayton, Ohio, for defendant.

## DECISION AND ENTRY IMPOSING SANCTIONS UNDER RULE 11

MICHAEL R. MERZ, United States Magistrate.

This case is before the Court *sua sponte* for consideration of imposition of sanctions under Fed.R.Civ.P. 11. Because the Answer in this case does not meet the standards of Rule 11 as revised in 1983, Defendant's counsel is reprimanded for filing it.

This is an action by the United States for collection of unpaid student loans. Defendant Delbert Leonard Minisee obtained loans in excess of $22,000 under the Health Education Assistance Act, used them to complete medical school, and is now a licensed physician. On June 26, 1986, the government filed its Complaint alleging that the loans had been made, that Mr. Minisee had signed promissory notes for them, that he had received the proceeds, and that he had not made any repayment. The Complaint mentioned that Mr. Minisee had taken bankruptcy, but pointed out that these loans were not dischargeable in bankruptcy. Appropriate jurisdictional and venue allegations were included.

On July 29, 1986, Defendant's counsel filed on his behalf a two-paragraph Answer which reads in full as follows:

1. Defendant admits the allegations contained in paragraphs 2 and 7 of Plaintiff's Complaint.

2. Defendant denies the allegations contained in paragraphs 1, 3, 4, 5, 6, 8, 9, and 10 Plaintiffs' Complaint.

The Answer had the effect of admitting jurisdiction and that the Defendant had filed for bankruptcy, but denying everything else in the Complaint.

On August 29, 1986, Plaintiff moved for summary judgment. The motion was unopposed and the Magistrate recommended on September 25, 1986, that it be granted. No objections were filed to the Magistrate's recommendation, and the District Judge entered judgment in the government's favor in the amount prayed for on October 16, 1986.

The Answer appeared to the Court as a virtual general denial. When the summary judgment motion went unopposed, it appeared to the Court that the Answer might have violated Fed.R.Civ.P. 11. The Court then ordered Defendant to show cause why sanctions should not be imposed for the apparent violation. Defendant's counsel filed a written statement on October 7, 1986, and later appeared for oral hearing on November 6, 1986. At that time it was admitted that the Answer was a virtual general denial.

The general denial has "deep roots" in both common law and code pleading practice. 5 Wright & Miller, *Federal Practice and Procedure* § 1265, citing Shipman, *Common-Law Pleading* (3d. ed. 1923) § 169, and Clark, *Code Pleading* (2d ed. 1947), § 92. From personal experience the Court notes that it is still a frequent practice in the defense of collection cases in the Southern District of Ohio.

Fed.R.Civ.P. 8(b) permits the continued use of a general denial "subject to the obligations set forth in Rule 11." Even before Rule 11 was amended in 1983, counsel had to have a good faith basis for controverting *every* averment in the complaint before a general denial was proper. *Arena v. Luckenbach S.S. Co.*, 279 F.2d 186 (1st Cir.1960), *cert. denied*, 364 U.S.

**123**

895, 81 S.Ct. 222, 5 L.Ed.2d 189. The Court doubts the Answer in this case would meet even the subjective good faith standard of pre–1983 Rule 11 when, two months after the Answer, counsel failed to produce proof contesting, for example, receipt of the loan proceeds, signature on the promissory notes, or failure to make any repayment.

But Rule 11 no longer requires merely subjective good faith on an attorney's part. It was amended in 1983 to provide that the attorney's signature is a certificate that "to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact ... and ... not interposed for any improper purpose, such as to .. cause unnecessary delay or needless increase in the cost of litigation." The courts have uniformly interpreted this language as replacing the prior subjective good faith test with an objective test. *Albright v. Upjohn Co.,* 788 F.2d 1217 (6th Cir.1986); *Eastway Construction Corp. v. City of New York,* 762 F.2d 243 (2d Cir. 1985). It was clearly expected by the Advisory Committee that the revisions would result in imposition of sanctions for a much broader range of conduct than sanctioned under prior Rule 11.

In his initial Statement to show cause why sanctions should not be imposed, Defendant's counsel argued:

> To sanction Defendant or his counsel for not permitting Plaintiff to take a default judgment would for all intents and purposes deny Defendant the right to appear in the case wherein he is a Defendant.

This Court has no intention of denying parties the right to appear and be heard on any defense which is, as Rule 11 requires, "well grounded in fact." Defendant's counsel asserts that facts sometimes come to light in support of defenses which are not known at the pleading stages; he admits that no such facts surfaced here. Certainly the hope that defensive facts of theories may later come to light will not justify filing an answer which denies facts within the knowledge of the pleading party: Mr.

Minisee certainly knew when the Answer was filed whether he had applied for and received the proceeds of the loans, whether he had signed the promissory notes, and whether he had made any repayment. Whatever other inquiry would have been "reasonable under the circumstances," certainly counsel should have asked his client about these facts before he filed an answer denying them.

Considering all the facts, the Court finds that the Answer in this case violated Rule 11.

When a violation of Rule 11 is found, sanctions are mandatory. In this case, the Court believes that a reprimand of counsel is the appropriate sanction. Defendant's counsel requested the Court to consider a reprimand in lieu of monetary sanctions. The government did not seek monetary sanctions although it provided proof of its costs of filing the summary judgment motion on court request. In any event the government's costs in obtaining judgment were not excessive: $187.50 by Plaintiff's counsel's estimates. A reprimand may often be the appropriate sanction for violations of Rule 11, especially as the courts try to change practices which are common at the bar in particular areas but no longer consistent with the purposes of the Federal Rules to provide a "just, speedy, and inexpensive determination of every action." *See, Schwarzer, Sanctions Under the New Federal Rule 11—A Closer Look,* 104 F.R.D. 181.

Defendant's counsel is reprimanded for filing a general denial Answer in violation of Rule 11.