MOORE ET ÁL. *v.* GREATER CLEVELAND REGIONAL TRANSIT AUTHORITY.

(No. 87 CV E 21251—Decided December 14, 1987.)

Cleveland Municipal Court.

*Patrick J. Perotti,* for plaintiffs.
*Russell T. Adrine* and *Oscar Trivers,* for defendant.

RONALD B. ADRINE, J. This matter came on for non-oral hearing on the Greater Cleveland Regional Transit Authority's "Motion to Strike Punitive Damages." Hereinafter, defendant Greater Cleveland Regional Transit Authority will be referred to as "RTA."

Although the complaint is not too precise on this point, it would appear that plaintiffs Roger Moore and Kathleen Moore were injured in the "crash" of a rapid transit car. Plaintiff Jan Moore, the wife of Roger Moore, is claiming "loss of the services, companionship and consortium" of her husband. In pertinent part, Count I of the complaint alleges that the "crash" occurred as the result of the negligence, recklessness, or willful wantonness of the defendant. Count II of the complaint alleges willful and wanton misconduct "and grossly reckless or intentional violation of statutory obligations by the defendant." The demand for judgment states:

"WHEREFORE, plaintiffs demand judgment against defendant in the amount of Five Thousand ($5,000.00) Dollars total compensatory damages, Five Thousand ($5,000.00) Dollars total punitive damages, together with interest thereon, attorney's fees and costs."

The complaint was filed on July 10, 1987, and appears to have been served on RTA on or about July 15, 1987. According to the proof of service, RTA's answer was served on August 10, 1987 and filed on August 13, 1987. In substance, the answer is a general denial; no affirmative defenses are pleaded therein.

On October 28, 1987, RTA served its motion "for an Order striking the Plaintiffs' prayer for punitive damages set forth in their Complaint." Neither the motion nor the brief in support of the motion states the rule or statute which authorizes the motion. In substance, the brief in support of the motion argues that RTA is a political subdivision of the state of Ohio, and that both the common law and statutory law of Ohio prohibit the award of punitive damages in an action for damages against a political subdivision of the state. In particular, RTA relies upon R.C. 2744.05, which reads in part as follows:

"Notwithstanding any other provisions of the Revised Code or rules of a court to the contrary, in an action against a political subdivision to recover damages for injury, death, or loss to persons or property caused by an act or omission in connection with a governmental or proprietary function:

"(A) Punitive or exemplary damages shall not be awarded[.]"

Plaintiffs do not contest that RTA is a political subdivision of the state of Ohio, and in light of what is said in R.C. 306.31, they cannot: "* * * A regional transit authority so created is a political subdivision of the state and a body corporate with all the powers of a corporation * * *." See, also, paragraph one of the syllabus in *Spitaleri* v. *Metro RTA* (1980), 67 Ohio App. 2d 57, 21 O.O. 3d 367, 426 N.E. 2d 183. Rather, they oppose RTA's motion on three grounds:

(1) RTA's claim of immunity from punitive damages is an affirmative defense which was waived because it was not pleaded in its answer;

(2) RTA's motion is a Civ. R. 12(F) motion to strike from a pleading and, as such, it has been waived because it was made out of rule; and

(3) R.C. 2744.05(A) is not applicable to this action because plaintiffs' claims arose on July 10, 1985, prior to the effective date of the statute.

Before addressing these points, the court deems a comment on plaintiffs' demand for judgment to be necessary. If plaintiffs can prove their entitlement to compensatory and punitive damages, then they are also entitled to an award of attorney fees. But when attorney fees are awarded in these circumstances, they are awarded as *damages* and not as costs. *Sorin* v. *Bd. of Edn.* (1976), 46 Ohio St. 2d 177, 75 O.O. 2d 224, 347 N.E. 2d 527. But Civ. R. 54(C) provides in pertinent part:

"[A] demand for judgment which seeks a judgment for money shall limit the claimant to the sum claimed in the demand unless he amends his demand not later than seven days before the commencement of the trial. * * *"

Plaintiffs have not specified the amount of attorney fees which they seek. Therefore, if they proceed to judgment on their present demand for judgment, this court cannot award them anything for their attorney fees since they have not claimed any amount as attorney fees. On the other hand, if they amend their demand for judgment, which they may do as a matter of right, and claim a specific sum as attorney fees, their demand for judgment will exceed $10,000 and this court will be deprived of subject matter jurisdiction.

This comment on the demand for judgment leads to another comment on the practicality of ruling on defendant's motion. As the Supreme Court noted in *Bishop* v. *Grdina* (1985), 20 Ohio St. 3d 26, 29, 20 OBR 213, 215, 485 N.E. 2d 704, 706:

"Plaintiffs in this state are thus forced to determine the approximate amount of their total damages prior to trial. Punitive damages are to be approximated as well as compensatory damages by determining the amount which would sufficiently punish and

deter the defendant. Nothing prevents the unsure plaintiff from erring on the high side. The duty of the jury (or trial judge) is to match the damages to the proof brought forth. Further, the jury (or trial judge) may award punitive damages *without* a request therefor, as long as the total award does not exceed the compensatory request. Civ. R. 54(C). * * *'' (Emphasis *sic.*)

Thus, if this court were to strike that portion of plaintiffs' demand for judgment that requests an award of punitive damages, plaintiffs could simply serve and file an amended complaint which increases the demand for compensatory damages to $10,000, and if, after trial, it is determined that they are also entitled to punitive damages, the court would be obliged to award them both compensatory and punitive damages up to, but not exceeding, $10,000. Thus, unless this court concludes that plaintiffs are not entitled to punitive damages under the facts of this case, the defendant will have accomplished nothing by succeeding in its motion to strike the claim for punitive damages from the demand for judgment.

With these points noted, the court will now proceed to the motion before it.

Plaintiffs' first point is well-taken, as far as it goes. Although Civ. R. 8(C) does not list immunity as an affirmative defense, it does state:

"In pleading to a preceding pleading, a party shall set forth affirmatively * * * any other matter constituting an avoidance or affirmative defense. * * *''

If nothing else, R.C. 2744.05(A), and its common-law counterpart, are clearly ''an avoidance'' since they prevent recovery for punitive damages. Therefore, RTA was under the duty to ''set forth affirmatively'' its defense of immunity. It did not and, therefore, it has waived that defense. The difficulty with plaintiffs' argument, however, is that the waiver of this defense is not an irrevocable waiver; the omitted defense may be brought into the action by an amended answer made with leave of court. As it is stated in *Hoover* v. *Sumlin* (1984), 12 Ohio St. 3d 1, 5-6, 12 OBR 1, 5, 465 N.E. 2d 377, 381:

''We hold today merely that a party may appropriately raise an affirmative defense in an amended pleading. Civ. R. 15(A) states that leave of court shall be 'freely given' as justice requires. Although the grant or denial of such leave is within the sound discretion of the trial court, where the defense is tendered timely and in good faith, and no reason is apparent or disclosed for denying leave, the denial of leave to file such an amended pleading or the subsequent striking of a defense from an amended pleading is an abuse of discretion. * * *''

In effect, RTA tendered this defense by its motion to strike. That motion was made approximately two and one-half months after the service of its answer. Although the motion to strike is not the appropriate way to ''tender'' this defense (it should have been tendered by a motion for leave to serve and file an amended answer), this court cannot say that it has not been tendered timely and in good faith. The only objection which the plaintiffs raise is that ''plaintiffs' counsel continued to proceed forward in preparation of trial, and expended time, money and effort in collecting evidence on the issues of liability, as well as on the issue of punitive damages.'' In and of itself, this is not a sufficient reason for denying leave. In any event, for reasons to be given below, this court *sua sponte* grants RTA leave to include this defense in a subsequent pleading.

Plaintiffs' second point is also well-taken as far as it goes. To begin with, Civ. R. 8(A) makes it clear that the demand for judgment, while an essential

part of the *complaint,* is not any part of *the statement of claim.* Further, the demand for judgment does not limit the judgment which can be awarded, nor does it bind the court, except to the extent that in a damage action, it specifies the amount of damages which can be awarded. As it is noted in Civ. R. 54(C), "every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled * * * ."

Therefore, since the demand for judgment is not a part of the statement of claim, and since it is not binding on this court (except for the amount of damages claimed), it may be questioned whether it is legitimately subject to any motion to strike. But Civ. R. 12(F) states:

"[T]he court may order stricken from any *pleading* any insufficient claim or defense or any redundant, immaterial, impertinent or scandalous matter." (Emphasis added.)

If RTA's contention with respect to punitive damages is correct, then, at the very least, plaintiffs' demand for punitive damages is "immaterial." Further, while the demand for judgment is not part of the statement of claim, it is part of the *pleading.* Therefore, by a liberal interpretation of Civ. R. 12(F), a motion to strike from the demand for judgment does lie. But Civ. R. 12(F) also states:

"Upon motion made by a party *before responding to a pleading,* * * * the court may order stricken from any pleading any * * * immaterial * * * matter." (Emphasis added.)

The record clearly discloses that RTA's motion to strike was made *after* it served its answer. Therefore, if the motion to strike is a Civ. R. 12(F) motion, it has clearly been made out of rule, and the objection to the claim for punitive damages has been waived by RTA. But this conclusion does not mean that plaintiffs are entitled to an award of punitive damages; it simply means that defendant has waived its right to have the immaterial claim for punitive damages eliminated from the complaint before the action proceeds to trial. By not making the motion before answer, RTA has waived the defect in the pleading; it has not waived its defense to the claim for punitive damages. Civ. R. 12(F) is a rule of *procedure*; it may be used to eliminate *procedural* irregularities in a pleading; it does not confer substantive rights. Therefore, if the court were to overrule the motion on this ground, plaintiffs would gain nothing, since the question of whether they are entitled to punitive damages would still be an open one.

Further, RTA has not characterized its motion as a Civ. R. 12(F) motion to strike, and it is therefore not necessary to conclude that it is such a motion if some other motion to strike would lie in the circumstances of this case. See by analogy *Horman* v. *Veverka* (1987), 30 Ohio St. 3d 41, 30 OBR 83, 506 N.E. 2d 218. This case also brings to mind *Stevens* v. *Kiraly* (Nov. 15, 1984), Wayne App. Nos. 1957 and 1983, unreported, at 3-4, in which a Civ. R. 11 motion to strike was used to strike a complaint which contained an improper claim for punitive damages and where the court stated:

"As the parties point out, there is little case law in Ohio outlining the attorney's responsibilities under Civ. R. 11. The issue has been dealt with in federal cases, however, and is discussed at some length in Browne, The Significance of the Signature: A Comment on the Obligations imposed by Civ. R. 11 (1981), 30 Clev[e]. St. L. Rev. 385. It seems clear from these sources that the obligation is on the attorney to satisfy himself that the document he presents to the court is presented for a proper purpose and is supported in fact and law. This obligation

places the burden of inquiry and research squarely on the shoulders of the attorney, which as the staff notes observe, is where the burden belongs.

"In this case we find support for the trial court's conclusion that counsel failed to meet his burden with respect to punitive damages. Civ. R. 11 clearly provides that a pleading which is false or a sham may be stricken, and we find that the trial court did not abuse its discretion in this instance. * * *"

Therefore, since the defendant has not characterized its motion as any particular motion to strike, since a Civ. R. 11 motion to strike as sham and false will lie in these circumstances, and since there is no time limit on when a Civ. R. 11 motion to strike as sham and false may be made, this court is comfortable in characterizing RTA's motion to strike as a Civ. R. 11 motion to strike as sham and false, even though it is specifically directed to the demand for judgment rather than to the complaint as a whole.

The question then becomes whether the motion to strike is well-taken, and the answer to that question demands the resolution of plaintiffs' third point.

In essence, plaintiffs claim that R.C. 2744.05(A) does not apply to them because their claims accrued prior to the effective date of the statute. But Section 3(B) of Sub. S.B. No. 297 provides:

"Except as provided in this division, the provisions of section 2744.05 of the Revised Code, as enacted by this act, shall apply only to causes of action against political subdivisions for injury, death, or loss to persons or property that arise on or after November 20, 1985. With respect to causes of action against a political subdivision for injury, death, or loss to persons or property that arose prior to November 20, 1985, that have not been barred by a statute of limitations, *and that are not the subject of a civil action with respect to which a trial has commenced prior to * * * November 20, 1985 in a court of this state,* the provisions of section 2744.05 of the Revised Code, as enacted by this act, shall apply." (Emphasis added.) (See 141 Ohio Laws, Part I, 701, 703.)

Although plaintiffs' cause of action arose prior to November 20, 1985, the trial of that cause of action did not commence prior to that date. Therefore, it would appear that the provisions of the statute are applicable to the case at bar, and that plaintiffs are not entitled to punitive damages.

But even if this conclusion is incorrect, the common-law doctrine enunciated in *Spires* v. *Lancaster* (1986), 28 Ohio St. 3d 76, 28 OBR 173, 502 N.E. 2d 614, and *Ranells* v. *Cleveland* (1975), 41 Ohio St. 2d 1, 70 O.O. 2d 1, 321 N.E. 2d 885, would bar the recovery of punitive damages in this case, for permitting punitive damages against a political subdivision of the state contravenes public policy. Significantly, the decision in *Spires* states:

"Finally, although not in effect at the time of the trial of the case at bar, the subsequent enactment of R.C. 2744.05(A) is evidence that the Ohio Legislature would not have authorized the provision of punitive awards against municipalities notwithstanding the judicial abrogation of municipal sovereign immunity." (Footnote omitted.) *Id.* at 80, 28 OBR at 177, 502 N.E. 2d at 618.

See, also, *Henry* v. *Akron* (1985), 27 Ohio App. 3d 369, 27 OBR 465, 501 N.E. 2d 659, holding that neither punitive damages nor attorney fees could be awarded against a municipal corporation under Ohio common law.

Plaintiffs do not seriously contest the applicability of the *Spires-Ranells* rule to this case; rather, they argue only that these cases are not dispositive of the question of punitive dam-

ages because RTA has not pleaded its immunity from punitive damages as an affirmative defense, and has thus waived that defense. But as has been noted above, that omission is not fatal to RTA's position.

Therefore, since plaintiffs have, in effect, conceded that they are not entitled to punitive damages in this case, and would not be entitled to them had the defendant properly pleaded its affirmative defense of immunity, this court must conclude that plaintiffs' attorney did not have good grounds for the claim to punitive damages. But as it is said in *Border City S. & L. Assn.* v. *Moan* (Dec. 23, 1983), Miami App. No. 83-CA-15, unreported, at 6, reversed on other grounds (1984), 15 Ohio St. 3d 65, 15 OBR 159, 472 N.E. 2d 350:

"* * * Where a pleading is 'interposed for delay' or is not supported by 'good ground,' it seems clear it has been signed with intent to circumvent Civ. R. 11. In such a case, a motion requesting the court to strike the pleading is a sanction which remains available in Ohio."

Thus, RTA's motion to strike, when characterized as a Civ. R. 11 motion to strike the complaint as sham and false, is well-taken.

But this court cannot strike plaintiffs' complaint on the ground that it was signed with the intent to defeat the purpose of Civ. R. 11 because, for some reason, *plaintiffs' attorney did not sign the complaint that was filed with this court.* Alternatively, however, Civ. R. 11 provides in pertinent part:

"* * * If a pleading is not signed * * *, it may be stricken as sham and false and the action may proceed as though the pleading had not been served. * * *"

Therefore, this court will strike the complaint because it was not signed by an attorney of record for the plaintiffs. But as the phrase "the action *may* pro-

ceed as though the pleading had not been served" indicates, it is discretionary with the court whether to terminate the action upon the striking of the complaint, or to permit the filing of an amended complaint which will relate back to the date of the filing of the original complaint. For the reasons stated below, this court will exercise its discretion in favor of the service and filing of an amended complaint.

In paragraph 6 of the complaint, plaintiffs allege:

"At the said time and place, the defendants specifically knew, or in the exercise of reasonable diligence should have know [sic], of the grossly unsafe condition of the operation of said train and the system in general, and/or of the fact that said train, system, and the operation of one or both of them was below the standards set by, and in violation of, various rules, regulations, and other requirements imposed upon the defendant by various local, county, state, and federal authorities."

It is the opinion of this court that this allegation does not sufficiently meet the requirements of Civ. R. 44.1(A)(2) and (3) in that it does not identify with specificity the "rules, regulations, and other requirements imposed * * * by various local, county, state, and federal authorities." Therefore, if plaintiffs deem this allegation necessary to their amended complaint, plaintiffs are hereby ordered to specifically identify each such rule, regulation and other requirement upon which they intend to rely.

As noted above, defendant RTA served and filed a general denial as its answer to plaintiffs' complaint. In pertinent part, Civ. R. 8(B) states:

"* * * Unless the pleader intends in good faith to controvert all the averments of the preceding pleading, he may make his denials as specific denials of designated averments or

paragraphs, or he may generally deny all the averments except such designated averments or paragraphs as he expressly admits; but, when he does so intend to controvert all its averments, including averments of the grounds upon which the court's jurisdiction depends, he may do so by general denial subject to the obligation set forth in Rule 11."

Given the allegations of the complaint, this court finds it incredible that RTA can, in good faith, deny *all* the averments of the complaint. But if the general denial is not made in good faith, it is signed with the intent to defeat the purpose of Civ. R. 11, and may be stricken as a sham and false. See *Tiktin* v. *Brown* (M.C. 1980), 17 O.O. 3d 284, and *United States* v. *Minisee* (S.D. Ohio 1986), 113 F.R.D. 121. Therefore, since RTA's general denial was not made "subject to the obligation set forth in Rule 11," and was signed with the intent to defeat the purpose of Civ. R. 11, this court will strike it as sham and false. But because this court will permit the plaintiffs to serve and file an amended complaint which cures their violation of Civ. R. 11, this court will also permit RTA to serve its answer to that amended complaint (if one is served and filed), and to include in that answer any affirmative defenses which it may have. Thus, in effect, this court is going to permit this action to begin anew, but without the violations of Civ. R. 11 in which both sides have indulged.

And since both sides have violated Civ. R. 11, those violations, in effect, tend to cancel each other out. Therefore, neither side should attempt to obtain further sanctions for the other's violation of the rule.

As a final point, the court notes that counsel for RTA cited numerous unreported cases in support of its motion to strike. For future reference, the court wishes to draw counsel's attention to Rule 2(G)(3) of the Supreme Court Rules for the Reporting of Opinions, which reads as follows:

"A party who cites an unpublished opinion shall attach a copy of the opinion to his brief or memorandum and indicate any disposition by a superior appellate court of any appeal therefrom known after diligent search."

Counsel is advised that this rule is fully applicable to motions and briefs filed in this court.

## JUDGMENT ENTRY

This matter came on for non-oral hearing on defendant's "Motion to Strike Punitive Damages." After due consideration of the motion treated as a Civ. R. 11 motion to strike the complaint as sham and false, the court finds the motion well-taken, in that there is no good ground for plaintiffs' claim for an award of punitive damages.

Accordingly, there being no just reason for delay, it is ordered, adjudged, and decreed that plaintiffs' complaint ought to be, and hereby is, stricken as sham and false because it was not signed by plaintiffs' attorney of record. If plaintiffs choose to do so, they are hereby granted leave of court to serve an amended complaint which conforms to the requirements of Civ. R. 11 within twenty-eight days of the date of this order.

It is also ordered, adjudged, and decreed that defendant's answer, which is a general denial not made subject to the obligations set forth in Civ. R. 11, ought to be, and hereby is, stricken as sham and false because it was signed with the intent to defeat the purpose of Civ. R. 11. If plaintiffs serve an amended complaint upon defendant in accordance with the preceding paragraph, defendant may serve its answer to that amended complaint within fourteen days after the

service of the amended complaint, and said answer shall conform to the requirements of Civ. R. 8 and 11. Defendant is hereby granted leave of court to include in that answer any and all affirmative defenses which are available to it, and which arise out of the allegations contained in the amended complaint.

This matter also came on for non-oral hearing on defendant's motion to compel answers to the interrogatories which it served on plaintiffs on August 10, 1987. After due consideration, the court finds the motion well-taken.

Accordingly, it is ordered, adjudged, and decreed that if plaintiffs serve an amended complaint in accordance with the second paragraph above, they shall serve their answers to interrogatories with that amended complaint; otherwise, the motion to compel is denied as moot.

*Judgment accordingly.*