Day, J.
 

 The paramount questions presented by this case are: First, whether the order of the trial court vacating the verdict is a final order under Section 12258, General Code, in effect prior to the enactment of Section 12223-2, General Code (117 Ohio Laws, —), defining a final order, from which appeal- may be prosecuted; second, whether the court committed an abuse of discretion in vacating and setting aside the verdict, continuing the case, and granting appellee leave to amend his petition after overruling the “Motion for New Trial”; and, third, whether the court’s refusal to render judgment on the verdict after overruling the “Motion for New Trial” deprived appellant of a substantial right.
 

 Appellant urges upon this court affirmative answers to each of these questions.
 

 Appellant’s contentions seem to rest on the assumption that appellee’s motion for new trial was overruled, which, if true, would entitle appellant to judgment on the verdict under Section 11599, General Code, which provides:
 

 “When a trial by jury has been had, judgment must be entered by the clerk in conformity to the verdict, unless the verdict is special, or the court orders the case to be reserved for future argument or consideration immediately after the time for the filing of a motion for a new trial if it has not been filed. When a motion for a new trial is filed, then such judgment shall be entered only when the court has sustained such verdict by overruling the motion. Upon such overruling it shall immediately be entered.”
 

 Our first inquiry must therefore be directed to the question whether appellee’s motion for new trial was in fact overruled.
 

 
 *44
 
 The record discloses that within three days from the date of the return of the verdict, appellee filed two motions on the same day, three minutes apart, one designated “Motion for Leave to Amend Petition” and the other “Motion for New Trial.” The first mentioned motion was filed at 11:57 a. m. and the other on the same day at 12 o ’clock noon. The ‘ ‘ Motion for Leave to Amend Petition” reads as follows:
 

 “First. Now comes the plaintiff and respectfully moves the court that so much of the proceedings as have been heretofore had herein including the verdict of the jury, and the entry of the same, be vacated and held for naught, and that plaintiff be granted leave to amend his petition herein by incorporating therein an additional assignment of negligence, the neglect and failure of the defendant to have and maintain immediately prior to, and at the time of the collision complained of in the petition, such lights as are required by statute under the conditions admitted by the defendant to have then and there existed, evidence of which negligence
 
 per se
 
 on the part of the defendant was adduced for the first time by the defendant himself in the course of his testimony in his own behalf, and plaintiff further moves that the cause be continued for further proceedings according to law.
 

 “Second. In the event the foregoing motion is denied plaintiff then moves that he may be permitted to amend his petition herein in the interest of justice according to the proof and according to the admission of the defendant himself made by the defendant himself while testifying in his own behalf, which proof and admission are conclusively to the effect that immediately prior to, and at the time of the collision complained of in plaintiff’s petition herein, the defendant was guilty of negligence
 
 per se
 
 in that he failed to have and maintain at said time lights upon his truck participating in said collision as required by the
 
 *45
 
 statutes of Ohio under the circumstances then and there existing and which negligence was a proximate cause of said collision.”
 

 The “Motion for New Trial” contains, in addition to statutory grounds, the following:
 

 “8. The court erred in its ruling that if plaintiff moved for the right to amend his petition to conform with the proof or evidence of an additional ground of negligence revealed for the first time by the defendant’s own admissions on the witness stand when testifying as a witness in his own behalf, that the court would withdraw a juror and continue the case to plaintiff’s prejudice by reason of additional expense and delay, and when defendant was not taken by surprise.”
 

 The trial court, considering both motions at the same time, overruled the one designated “Motion for New Trial” and sustained the one designated “Motion for Leave to Amend Petition,” vacated and set aside the verdict, continued the case “for further proceedings according to law,” and granted appellee leave to amend his petition in the respects requested.
 

 The journal entry reads:
 

 “September 10,1934. This cause came on for hearing on the two motions of the plaintiff, one motion styled ‘Motion for Leave to Amend Petition’ and filed April 28, 1934, at 11:57 o’clock a. m., and the other motion styled ‘Motion for a New Trial’ and filed April 28, 1934, at 12 o’clock noon, and upon argument of counsel both motions were submitted to the court.
 

 “Upon consideration whereof the court do find that the motion of plaintiff designated ‘Motion for New Trial’ and filed April 28, 1934, at 12 o’clock noon, is not well taken and that the same should be overruled, and upon consideration of the motion designated ‘Motion for Leave to Amend Petition’ and filed April 28, 1934, at 11:57 o’clock a. m. and the court do find that in
 
 *46
 
 the interests of justice, said last motion should be granted, and the same is granted, to which defendant excepts.
 

 “Motion of plaintiff designated ‘Motion for New Trial’ and filed April 28, 1934, at 12 o’clock noon, be and the same hereby is overruled to which ruling the plaintiff excepts.
 

 “Motion of plaintiff designated ‘Motion for Leave to Amend Petition’ filed April 28,1934 at 11:57 o’clock a. m. be and the same hereby is sustained and it is therefore adjudged and decreed that the verdict of the jury in favor of the defendant, be, and the same hereby is vacated and set aside and plaintiff is granted leave to amend his petition or file an amended petition on or before July 31, 1934, and this cause is continued for further proceedings according to law, to which finding, judgment and decree the defendant excepts.”
 

 Subsequently, appellant filed a motion requesting judgment on the verdict. This motion was overruled.
 

 Superficial examination of the record would lead one to conclude that by overruling the “Motion for New Trial,” a new trial was denied, and that by sustaining the “Motion for Leave to Amend,” vacating and setting aside the verdict, continuing the cause “for further proceedings according to law,” and granting leave to amend the petition, a new trial was granted.
 

 Now what is the situation? Has a new trial been granted, or denied? If denied, then the appellant is clearly entitled to judgment on the verdict. If granted, then appellant is not thus entitled, and the order granting a new trial is not a final order or judgment from which appeal can be prosecuted, unless the record affirmatively shows a clear abuse of discretion.
 
 Deem 7. King, Pennock & King,
 
 22 Ohio St., 118, 134; 2 Ohio Jurisprudence, 143, Section 126;
 
 Conord
 
 v.
 
 Runnels,
 
 23 Ohio St., 601;
 
 Young
 
 v.
 
 Shallenberger,
 
 53 Ohio St.,
 
 *47
 
 291, 41 N. E., 518;
 
 Neuzel
 
 v.
 
 Village of College Hill,
 
 81 Ohio St., 571, 91 N. E., 1135;
 
 Horseman
 
 v.
 
 Horseman,
 
 85 Ohio St., 437, 98 N. E., 1127;
 
 Continental Trust & Savings Bank Co.
 
 v.
 
 Home Fuel & Supply Co.,
 
 99 Ohio St., 453, 126 N. E., 508;
 
 Beaumont
 
 v.
 
 Herrick,
 
 24 Ohio St., 445;
 
 Beatty
 
 v.
 
 Hatcher,
 
 13 Ohio St., 115.
 

 In arriving at an answer to these questions, we must keep in mind the following principles: First, a pleading is judged, not by its title or form alone, but essentially by the subject-matter it contains. If the title is not descriptive of the subject-matter, it is the latter that determines the character of the pleading. Substance prevails over form. Second, where two motions, however designated, filed by the same party at approximately the same time, seek substantially the same relief, they may be considered and disposed of together. In such case it is within the power of the court, in the exercise of judicial discretion, to determine which one of the two motions it will recognize as controlling and which it will consider superfluous. A motion which is superfluous may be stricken from the files by the court, either at its own instance or upon application of either party to the suit. A motion treated as superfluous and overruled may be deemed stricken. The granting of a motion recognized as controlling will be definitive of the rights of the parties.
 

 The “Motion for a New Trial” requested the court to set aside the verdict of the jury and to grant a new trial on the statutory grounds therein assigned. The “Motion for Leave to Amend Petition” requested “that so much of the proceedings as have been heretofore had herein, including the verdict of the jury, and the entry of the same, be vacated and held for naught,” that leave to amend be granted, and that “the cause be continued for further proceedings according to law. ’ ’ Thus, the one motion asked that the verdict be “set aside” and the other asked that the
 
 *48
 
 verdict be “vacated.” One asked that a new trial be granted and the other that the “cause be continued for further proceedings according to law.” The ultimate relief sought by both motions is substantially the same. The first motion sought a new trial only, and the second a new trial and leave to amend, the latter of which was granted. One set up statutory grounds and the other did not.
 

 The fact that the “Motion for Leave to Amend Petition” did not, by express phraseology, ask-for a new trial is wholly immaterial. It did request that the verdict be vacated and that the cause be continued for further proceedings according to law. This, in legal contemplation, is equivalent to a request for a new trial and may be thus treated under the facts and circumstances present in this case.
 

 The fact that this motion did not set up statutory grounds for a new trial is' likewise not material. The grounds for new trial listed in Section 11576, General Code, are not exclusive of any others. The statute provides that “A former verdict, * *
 
 *
 
 shall be vacated, and a new trial granted *
 
 *
 
 *, for any of the following causes * * * .” It does not provide that a former’ verdict shall be vacated, and a new trial granted
 
 only
 
 for the causes named, or that a former verdict shall
 
 not
 
 be vacated and a new trial granted except for the causes named. Circumstances may on occasion arise where, in the interest of justice, the granting of a new trial may become imperative notwithstanding the absence of statutory grounds. The sufficiency of the grounds assigned is for the court to determine, in the exercise of its discretion, and in the light of the facts and circumstances in the case. This does not imply an unrestrained exercise of the power of discretion, but rather one which is sound and reasonable and not arbitrary or capricious. When this power is abused, the aggrieved party is, by law, af
 
 *49
 
 forded recourse to the reviewing courts. However, abuse of discretion must affirmatively appear on the face of the record before a reviewing court will assume jurisdiction. Such abuse will not be presumed but must be clearly shown by the record, judged in the light of all the facts and circumstances under which the discretion was' exercised.
 
 Wyant
 
 v.
 
 Russell,
 
 109 Ohio St., 167, 142 N. E., 144.
 

 “* * * If the exercise of * * * discretion is reviewable on error in any case, it can only be where the record shows, in view of all the facts and circumstances under which the court acted, an abuse of discretion, resulting in the denial to the party of a fair trial.”
 
 Beaumont
 
 v.
 
 Herrick, supra,
 
 at page 458.
 

 “While the trial court’s ruling is subject to review on error, the same will not be disturbed unless an abuse of discretion affirmatively appears.”
 
 S. S. Kresge Co.
 
 v.
 
 Trester,
 
 123 Ohio St., 383, 175 N. E., 611, paragraph three of the syllabus.
 

 The record in the instant case fails to disclose any such abuse.
 

 Appellant contends that the trial court’s refusal to render judgment on the verdict deprived him of a substantial right. This contention presupposes that a new trial has been denied. We hold to the contrary. A new trial having been granted, there reposed no duty upon the trial court to render judgment on the verdict which was vacated.
 

 Contention is further made that the nature of the action was changed by permitting appellee to amend his petition by incorporating therein an additional assignment of negligence. With this view we are not in accord. By the amendment allowed, neither the form nor the nature of the action was changed. Its general identity remains the same.
 

 The holding in this case is hot in conflict with our holding in the cases of
 
 Hocking Valley Mining Co.
 
 v.
 
 *50
 

 Hunter,
 
 130 Ohio St., 333, 199 N. E., 184, and
 
 Murphy
 
 v.
 
 Pittsburgh Plate Glass Co.,
 
 132 Ohio St., 68, 4 N. E. (2d), 983. In the
 
 Hocking Valley
 
 and
 
 Murphy cases, supra,
 
 one of the issues presented to this court was whether a review lies from an order overruling a motion for a directed verdict, and in each of these cases we held that review does lie therefrom. However, in the instant case, while a motion for a directed verdict was overruled, the overruling of such motion is not presented as an issue in this case.
 

 A new trial having been granted and discretion not having been abused, review does not lie, and the appeal was properly dismissed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Matthias, Zimmerman, Williams and Gorman, JJ., concur.
 

 Myers, J., dissents.