HORMAN ET AL., APPELLANTS, *v.* VEVERKA ET AL., APPELLEES.

[Cite as Horman *v.* Veverka (1987), 30 Ohio St. 3d 41.]

(No. 86-952—Decided April 15, 1987.)

*Murray & Murray Co., L.P.A., W. Patrick Murray* and *William H. Bartle,* for appellants.

*Buckingham, Holzapfel, Zeiher, Waldock & Schell Co., L.P.A.,* and *Kevin J. Zeiher,* for appellee David L. Veverka.

*Flynn, Py & Kruse Co., L.P.A.,* and *Charles W. Waterfield,* for appellee Alan R. Robinson.

*Manahan, Pietrykowski & Bamman, William F. Pietrykowski* and *Bernard M. Striegel, Jr.,* for appellee Thomas L. Corogin.

*Per Curiam.* The issue presented is whether a court of appeals has jurisdiction to review the decision of a trial court to vacate a dismissal for want of prosecution and to reinstate a case on its docket.

Here it seems clear that the trial judge did not intend his dismissal of August 22, 1984 to be with prejudice. The trial judge had not, as required by Civ. R. 41(B), given notice to plaintiffs' counsel prior to issuing that order. The order of vacation came within two weeks of the dismissal and specified that the case be reinstated on the court's docket.

It has long been settled that, during a term of court, a trial court has inherent discretion with respect to its orders. In *Niles* v. *Parks* (1892), 49 Ohio St. 370, 371, 34 N.E. 735, 736, it was held: "The court of common pleas had complete control over its own orders during the term at which they were entered, and might set aside the sale and entry of confirmation, at its discretion." See, also, *Huntington & McIntyre* v. *W.M. Finch & Co.* (1854), 3 Ohio St. 445; *Knox County Bank* v. *Doty* (1859), 9 Ohio St. 506; *Huber Mfg. Co.* v. *Sweny* (1897), 57 Ohio St. 169, 48 N.E. 879; *Wagner* v. *Long* (1937), 133 Ohio St. 41, 10 O.O. 11, 11 N.E. 2d 247.

The trial court's inherent power with respect to its docket has been modified by statute. R.C. 2505.02 defines a final order as "* * * an order vacating or setting aside a judgment and ordering a new trial."[1]

The order of the trial judge on September 4, 1984 is not equivalent to "ordering a new trial" since no trial in the case *sub judice* was ever held. Accordingly, the order of September 4, 1984 vacating the dismissal and

---

[1] The legislature has amended R.C. 2505.02, effective March 17, 1987. The definition of a "final order" as "* * * an order vacating or setting aside a judgment *and* ordering a new trial * * *" has been changed to "* ** an order that vacates or sets aside a judgment *or* grants a new trial * * *." (Emphasis added.) Whether an order vacating a judgment is, by this statutory change, made a final appealable order, is a question we need not address.

reinstating the case to the trial court's docket remains within the trial court's inherent power and was not a final appealable order.

Inasmuch as we hold that the order of September 4, 1984 was not a final appealable order, the court of appeals lacked jurisdiction to undertake a review of that order and to mandate a dismissal of the case for want of prosecution.

Accordingly, we reverse the judgment of the court of appeals and order the cause reinstated on the docket of the Court of Common Pleas of Erie County.

*Judgment reversed.*

MOYER, C.J., SWEENEY, LOCHER, HILDEBRANDT, DOUGLAS, WRIGHT and H. BROWN, JJ., concur.

HILDEBRANDT, J., of the First Appellate District, sitting for HOLMES, J.