MANOHAR, Appellant,

v.

MASSILLON COMMUNITY HOSPITAL et al., Appellees.

[Cite as *Manohar v. Massillon Community Hosp.* (1997), 122 Ohio App.3d 715.]

Court of Appeals of Ohio,
Fifth District, Stark County.

No. 1997 CA 00040.

Decided Sept. 15, 1997.

■■■■■■■■■

*Allen Schulman, Jr.*, for appellant.

*Richard G. Reichel*, for appellees.

FARMER, Judge.

On April 25, 1994, appellant, Murli Manohar, M.D., filed a complaint against appellees, Massillon Community Hospital et al., in the United States District Court, Northern District of Ohio, Eastern Division. The complaint alleged claims for discrimination, equal protection, due process, and punitive damages. On or about June 10, 1994, appellees filed a motion for summary judgment claiming lack of subject matter jurisdiction. On July 14, 1994, appellant filed a stipulated voluntary dismissal with prejudice.

On July 6, 1995, appellant filed a complaint against appellees in the Court of Common Pleas of Stark County, Ohio. The complaint alleged the same claims as the federal complaint plus additional claims for interference with business relationships, breach of contract, and defamation.

On August 15, 1995, appellees filed a motion for summary judgment claiming appellant's claims were barred under the doctrine of *res judicata*. By judgment entry filed October 23, 1995, the trial court denied the motion.

On February 7, 1996, appellees filed a supplemental motion for summary judgment again claiming *res judicata* based upon appellant's deposition testimony. By judgment entry filed March 18, 1996, the trial court denied the motion but dismissed appellant's claim for defamation.

On December 19, 1996, appellees filed a motion for summary judgment on the remaining causes of action, again claiming *res judicata* based upon additional deposition testimony from appellant. By judgment entry filed January 31, 1997, the trial court granted the motion and dismissed the case.

Appellant filed a notice of appeal, and this matter is now before this court for consideration. The assignments of error raised by appellant are:

I

"The trial court erred as a matter of law in granting Massillon Community Hospital's motion for summary judgment and concluding that Dr. Manohar's state law claims were barred by the doctrine of *res judicata* because the

stipulated dismissal with prejudice entered in federal court was not a valid, final court order or judgment."

## II

"The trial court erred as a matter of law in granting Massillon Community Hospital's motion for summary judgment and concluding that Dr. Manohar's state law claims were barred because the stipulated dismissal with prejudice entered in federal court did not constitute a valid, enforceable settlement agreement between the parties."

## III

"The trial court erred as a matter of law in granting Massillon Community Hospital's motion for summary judgment and concluding that Dr. Manohar's state law claims were barred because genuine issues of material fact remained as to whether the hospital's conduct continued after entry of dismissal in federal court."

Appellant's three assignments of error attack the trial court's determination "that the claims raised in this action are barred because these claims arose out of the same transactions or occurrences that were the subject matter of the previous action in federal court." Appellant argues that because the federal court lacked subject matter jurisdiction, the dismissal with prejudice could not affect the common-law state claims raised *sub judice.*

In order to determine this issue, we must first examine the federal court complaint (*"Manohar I"*) and the complaint *sub judice* (*"Manohar II"*). The complaint in *Manohar I* stated it was invoking jurisdiction pursuant to Sections 1331 and 1332(a)(2), Title 28, U.S.Code.[1] The first count was founded on the discriminating action of appellees' "48 Patient Rule," the second count was founded on the lack of due process in appellant's demotion from active to courtesy staff, and the third count sought punitive damages for wanton and willful interference with appellant's rights. In the *Manohar II* complaint, the first count was founded on interference with business relationships by invoking the "48 Patient Rule," the second count was founded on a breach of contract in reducing appellant's staff privileges based on that rule, the third count was founded on the lack of due process in appellant's demotion to courtesy staff, the fourth count was

---

1. Section 1331 deals with federal-question jurisdiction and confers original jurisdiction upon the district courts of all civil actions "arising under the Constitution, laws, or treaties of the United States." Section 1332(a)(2) deals with diversity jurisdiction and confers original jurisdiction upon the district courts of all civil actions exceeding $75,000 and between "citizens of a State and citizens or subjects of a foreign state."

founded on defamation, and the fifth count was founded on discrimination against foreign physicians.

In *Grava v. Parkman Twp.* (1995), 73 Ohio St.3d 379, 653 N.E.2d 226, syllabus, the Supreme Court of Ohio adopted the issue-preclusion rule in determining matters of *res judicata:*

"A valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action. (Paragraph two of the syllabus of *Norwood v. McDonald* [1943], 142 Ohio St. 299, 27 O.O. 240, 52 N.E.2d 67, overruled; paragraph two of the syllabus of *Whitehead v. Gen. Tel. Co.* [1969], 20 Ohio St.2d 108, 49 O.O.2d 435, 254 N.E.2d 10, overruled to the extent inconsistent herewith; paragraph one of the syllabus of *Norwood, supra,* and paragraph one of the syllabus of *Whitehead, supra,* modified; 1 Restatement of the Law 2d, Judgments [1982], Sections 24–25, approved and adopted.)"

Clearly the facts that gave rise to the counts in *Manohar I* and *II* are based on the same two incidents, the invoking of the "48 Patient Rule" and appellant's demotion from active staff to courtesy staff. The first step in the analysis of *res judicata* is fulfilled, in that the claims of both complaints arise out of the same transaction or occurrence.

The next step is to determine whether the stipulated voluntary dismissal with prejudice in *Manohar I* is a final judgment rendered upon the merits. The dismissal states, "We, the attorneys for the respective parties, do hereby stipulate that this case is dismissed with prejudice at Plaintiff's costs. This stipulation is made pursuant to Rule 41(a)(ii) of the Federal Rules of Civil Procedure."

Appellant argues that because a motion to dismiss for lack of subject matter jurisdiction based upon the premise of "no state action" was pending in *Manohar I*, the dismissal was not a final order upon the merits. Appellant concedes there was "no state action" and the federal court had no jurisdiction over any federal claims or any pendent state claims for lack of independent subject matter jurisdiction. Appellees concede they raised the defense of lack of subject matter jurisdiction, but argue that the issue was never addressed by the federal court. Therefore, appellees argue that the dismissal with prejudice should be viewed as a dismissal on the merits or as a contract between both sides in *Manohar I* not to pursue further court action.

■ In Ohio, the doctrine of *res judicata* is inapplicable on a final judgment rendered by a state court lacking subject matter jurisdiction. *Gargallo v. Merrill Lynch* (C.A.6, 1990), 918 F.2d 658; see, also, Civ.R. 41(B) (a dismissal for lack of subject matter jurisdiction is a failure otherwise than upon the merits). Although *Gargallo* speaks to the lack of subject matter jurisdiction of a state court on a

federal claim, the converse of the facts *sub judice,* we are satisfied that if the *Manohar I* court had found a lack of subject matter jurisdiction, we could easily have found the doctrine of *res judicata* inapplicable *sub judice.* However, in *Manohar I,* the final order was a stipulated voluntary dismissal with prejudice. The question to be resolved is whether "with prejudice" equates to a final order upon the merits per *Grava.*

The dismissal states that it is made pursuant to Fed.R.Civ.P. 41(a)(ii). There is no Fed.R.Civ.P. 41(a)(ii). Either appellant meant Fed.R.Civ.P. 41(a)(1)(ii), which governs voluntary dismissals by plaintiff without order of the court, or Fed.R.Civ.P. 41(a)(2), which governs voluntary dismissals by order of the court. Appellees claim in their brief at 8 that the proper citation should be Fed.R.Civ.P. 41(a)(1)(ii), a voluntary dismissal without order of the court. Appellant argues by way of reply brief that if there is no court order, *res judicata* is inapplicable. A review of the dismissal reveals the trial court's signature; therefore, the dismissal is by order of court pursuant to Fed.R.Civ.P. 41(a)(2). Fed.R.Civ.P. 41(a)(2) is virtually identical to Ohio Civ.R. 41(A)(2) and states as follows:

"(2) *By Order of Court.* Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. * * * *Unless otherwise specified in the order,* a dismissal under this paragraph is without prejudice." (Emphasis added.)

 Under Ohio law, a dismissal with prejudice by court order is a dismissal on the merits. *Griggy v. Eichler* (Sept. 12, 1986), Portage App. No. 1533, unreported, 1986 WL 10020.

Based upon the foregoing, we conclude the trial court did not err in finding appellant's claims barred by the doctrine of *res judicata.*

Appellant's assignments of error Nos. I, II, and III are denied.

The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.

*Judgment affirmed.*

WILLIAM B. HOFFMAN, J., concurs.

GWIN, P.J., dissents.

GWIN, Presiding Judge, dissenting.

I must dissent from the result reached by the majority.

I believe the federal court did not have subject-matter jurisdiction over appellant's complaint. For this reason, the federal court's dismissal *could not* be on the merits of the action. The principles of *res judicata* and issue preclusion do not apply here. Appellant's state claims are not barred.

I would reverse the trial court's judgment.