OPINION AND JUDGMENT ENTRY
This is an appeal from a judgment of the Lucas County Court of Common Pleas, Domestic Relations Division, which granted the parties a divorce and ordered the payment of child support and spousal support, and the division of marital property. For the reasons that follow, this court affirms the judgment of the trial court.
Appellant sets forth the following assignments of error:
"FIRST ASSIGNMENT OF ERROR
 "THE TRIAL COURT ERRED IN FAILING TO ENFORCE THE CONSENT JUDGMENT ENTRY FILED ON NOVEMBER 12, 1996 AND AS STIPULATED TO.
"SECOND ASSIGNMENT OF ERROR
 "THE TRIAL COURT ERRED IN ITS AWARD OF SPOUSAL SUPPORT IN THIS CAUSE AS SAME IS CONTRARY TO LAW AND AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
"THIRD ASSIGNMENT OF ERROR
 "THE TRIAL COURT ERRED IN PROVIDING TO THE PLAINTIFF-APPELLEE AN OPTION AS TO SPOUSAL SUPPORT/PROPERTY DIVISION/DISTRIBUTIVE AWARD TO THE EXCLUSION OF THE DEFENDANT/APPELLANT, CONTRARY TO LAW."
The facts that are relevant to the issues raised on appeal are as follows. The parties were married in 1981 and had two children, both minors at the time of the divorce. On July 19, 1995, appellee Cindy Willard filed a complaint for divorce. On September 7, 1995, the magistrate issued temporary orders as to custody of the children, visitation and companionship, child support and responsibility for payment of various living expenses and marital debt. On October 4, 1995, appellee filed a motion for an evidentiary hearing on the matters covered by the temporary order and on October 20, 1995, a hearing was held on the motion. On November 8, 1995, the magistrate found appellee's motion well-taken and ordered a modification of appellant's child support obligation.
In a consent judgment entry filed on November 12, 1996, the trial court found that the parties had reached agreement as to the possession and sale of the marital residence. The trial court approved the parties' agreement and ordered: appellee to have exclusive possession of the marital home, assuming all liabilities thereon until further order of the court; the parties to list the marital home for sale when the children completed their current school year in June 1997; that appellant would retain $16,000 from the proceeds of the sale of the house as a return of his non-marital contribution, and that the balance of the proceeds would be placed in escrow to be divided by the parties as the court orders or the parties agree.
At the time of the final hearing on May 16, 1997, the parties stipulated to numerous issues, including: child custody and support; the value of the marital residence; the real estate listing for the marital home; the value of appellant's pensions and that appellant would retain the marital portion of his pensions, which totaled $20,000, to be offset in appellee's favor through the division of real property.
Before the court heard evidence on the remaining unresolved issues, appellee asked the trial court to set aside the consent judgment entry entered into on November 12, 1996. Appellee asserted that the consent judgment was an agreement entered into while the divorce was still pending and that the trial court had the right to change the order. Appellee argued that she was in a "highly emotional state" when she entered into the agreement, that she did so because she believed it was the only way to get her children out of temporary housing and back into their home at that time, and that it would be inappropriate to remove the children from the home at that point. Appellee asked the trial court to allow her to remain in the marital home until the youngest child reaches the age of eighteen. Appellee then testified that she felt under duress in November 1996 when she entered into the consent judgment entry because she had nowhere else to live with her children. The trial court took the matter of the consent judgment under advisement and the case proceeded to trial on the unresolved issues of the divorce.
At the conclusion of the testimony, the trial court from the bench ordered spousal support of $400 per month for four and one-half years. The trial court stated that it could not award appellee both possession of the house and monthly alimony payments, and said it was considering ordering that appellee and the children continue to live in the house until the youngest child reaches the age of sixteen years, with appellant's $16,000 non-marital interest in the home to be considered alimony and subsequently deducted from his portion of the proceeds when the house is sold. The trial court then indicated that appellee would have the option of choosing the monthly payment of spousal support or receiving an equivalent sum by way of a property division involving the marital home as proposed by the court.
On September 5, 1997, appellant filed a request for separate findings of fact and conclusions of law and for reconsideration of the court's decision as announced at the close of the hearing. On September 10, 1997, the trial court found appellant's motion well-taken in part and granted him time to submit proposed findings of fact and conclusions of law. On November 18, 1997, appellant submitted proposed findings of fact and conclusions of law and a renewed request for the court to reconsider its decision as to spousal support. Appellant argued that the consent judgment entry should not be altered by the court and that it is dispositive of the property settlement between the parties, which provided that the marital home would be sold, or bought out by one of the parties, with appellant's $16,000 non-marital contribution to the real estate reimbursed to him out of the proceeds of the sale. Appellant further argued that the amount of spousal support is excessive and that the trial court favored appellee by giving her the option of choosing which form of spousal support she preferred.
On December 15, 1998, the trial court filed its judgment entry of divorce along with findings of fact and conclusions of law. In addition to its orders as to child support, custody, visitation and other matters, the trial court stated that "neither party shall pay spousal support to the other." The trial court further ordered that appellee pay appellant $5,000 as a lump sum property settlement when the marital residence is sold or when the youngest child reaches the age of eighteen, whichever event first occurs. In its conclusions of law, the trial court stated in relevant part:
 "2. Ordinarily, spousal support would be awarded in the form of periodic payments and in this case, if the Court were to award periodic payments it would be $400.00 per month for four and a half years. However, this case is unique and equity dictates otherwise. The parties and the minor children have virtually lived in the same home, with the exception of a few months in 1996, since the youngest child was born. The two children will be staying home alone while Plaintiff works part-time and will eventually return to full-time employment. Furthermore, it would be impossible for Plaintiff to obtain housing for herself and the two minor children for the amount that she is currently paying in the marital residence. Therefore, this Court awards Plaintiff the $16,000 of non-marital interest as spousal support.
 "By Consent Entry the parties agreed to sell the marital residence. However, at the time of trial the home had not been sold and it is unclear whether the home had been listed for sale. Defendant wants the marital residence sold so that he obtains his $16,000.00 of non-marital interest. By awarding Plaintiff the $16,000.00 of non-marital interest as spousal support, Plaintiff is able to, in essence, `buy out' Defendant. Based upon the evidence submitted at trial, the Court determined the sale price to be $46,000.00 and after deducting the $16,000.00 and $20,000, the parties would split $10,000.00. Therefore, Defendant would be entitled to a $5,000.00 mortgage against the marital residence as part of the property settlement. This money is to be paid upon the sale of the marital residence or when the youngest child reaches the age of eighteen (18), whichever first occurs."
It is from that judgment that appellant appeals. In his first assignment of error, appellant asserts that the final judgment entry is inconsistent with the consent judgment entry and that the trial court erred by failing to enforce the consent entry.
It is clear, as appellant asserts, that the trial court's final order as to spousal support is inconsistent with the consent judgment entry. The question for this court therefore is whether the trial court acted within its authority by entering a final order that differed from the consent judgment.
The consent entry in this case was not a final order since it did not determine and dispose of all of the claims in this matter, and it was therefore subject to revision at any time before the final entry of judgment. See Civ.R. 54(B). "It has long been settled that, during a term of court, a trial court has inherent discretion with respect to its orders." Horman v.Veverka (1987), 30 Ohio St.3d 41, 42. In First Nat'l Bank v.Smith (1921), 102 Ohio St. 120, paragraph one of the syllabus, the court held: "A court of general jurisdiction, such as the common pleas court, has control of its own orders and judgments during the term at which they are rendered, which control may be exercised, within the sphere of sound discretion, as an inherent right founded upon common law."
In this case, appellee moved the court at the beginning of the final hearing to set aside the consent judgment. After hearing arguments from both parties as to this matter, the trial court then heard testimony from appellee as to the circumstances surrounding her decision to sign the consent judgment in November 1996. Appellant testified that she was "very much" under duress when she signed the agreement because she had nowhere else to live with the children. The trial court did not rule on the request to set aside the consent judgment but proceeded directly to trial on the divorce. During the course of the trial on the remaining issues of the divorce, the court heard testimony that appellee's income was approximately $11,000 per year; appellant's income was approximately $30,000 per year; appellee was currently working thirty to thirty-six hours per week with no retirement or medical benefits through her job; the children were ages eleven and thirteen; appellee's total monthly expenses for her and the children were approximately $3,000, and the mortgage on the marital home had been paid in full.
Factors cited by the trial court in support of its decision included appellee's income, the fact that the children had lived in the marital home since the second child was born, and that appellee would not be able to secure suitable housing for herself and the children for the amount it would cost her to retain the marital home. Upon thorough consideration of the foregoing and the law as set forth above, this court finds that the trial court's final order as to spousal support was not unreasonable, arbitrary or unconscionable and therefore not an abuse of discretion. Accordingly, appellant's first assignment of error is not well-taken.
In his second assignment of error, appellant asserts that the trial court's decision as to the amount of spousal support is excessive and against the manifest weight of the evidence because the parties are of comparable age, in good health, and appellee voluntarily left full-time employment during the pendency of this case.
R.C. 3105.18(C)(1) sets forth the factors which the trial court must consider before making a spousal support award, including each party's income, their relative earning abilities, their ages and education, the duration of the marriage, and "any other factor that the court expressly finds to be relevant and equitable."
It is well-established that the trial court enjoys wide latitude in determining the appropriateness as well as the amount of spousal support. Bolinger v. Bolinger (1990), 49 Ohio St.3d 120. Such an award will not be reversed unless a reviewing court, after considering the totality of the circumstances, finds that the trial court abused its discretion. Kunkle v. Kunkle (1990),51 Ohio St.3d 64, 67; Cherry v. Cherry (1981), 66 Ohio St.2d 348,352. "The term `abuse of discretion' connotes more than an error of law or judgment, it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219.
In making a spousal support award, a trial court must "consider all of the relevant factors in [R.C. 3105.18] * * * then weigh the need for support against the ability to pay." Layne v.Layne (1992), 83 Ohio App.3d 559, 562-563. The resulting award must be "fair, equitable and in accordance with the law." Kaechelev. Kaechele (1988), 35 Ohio St.3d 93, 94. An equitable result requires that "to the extent feasible, each party should enjoy, after termination of a marriage, a standard of living comparable to that established during the marriage as adjusted by the various factors of [R.C. 3105.18]." Buckles v. Buckles (1988), 46 Ohio App.3d 102,110.
As to the amount of spousal support, the record reflects that the trial court considered the factors set forth in R.C.3105.18(C)(1), including the parties' incomes, their ages and health, the sixteen-year duration of the marriage, appellant's retirement benefits and appellee's lack of any such benefits or pension, and the fact that appellee is the residential parent and legal custodian of the parties' two children. The record demonstrates that the trial court properly considered the required statutory factors before making the award of spousal support as it did. Accordingly, appellant's second assignment of error is not well-taken.
In his third assignment of error, appellant asserts that the spousal support option concerning the marital home and appellant's $16,000 non-marital contribution was in the nature of a distributive award and should not have been "linked" by the trial court with what appellant characterizes as the separate issue of periodic payments of spousal support.
Appellant appears to argue that the trial court's decision concerning the marital home is a distributive award at odds with the court's intent to award appellee spousal support. R.C. 3105.18(B), however, states that spousal support may be allowed in real or personal property. In Buckles, supra, at 110, the court stated that "[t]he trial court has broad discretion to make property alimony and sustenance alimony awards." The Buckles
court further stated, at 112, that:
 "If the court determines that alimony in addition to the property division is necessary, it may be desirable that it be awarded from property acquired during the marriage. However, the court may, within its discretion, award as in-kind alimony, property brought to the marriage by either party, which includes property given to either party by bequest, devise or gift from a third party. In all cases, the trial court has broad discretion to determine what property division is equitable * * *."
It appears that the spousal support award in this case was in the form of "property alimony," as the Buckles court would characterize it. Upon consideration of the law as set forth above, we find that it was within the trial court's discretion in this case to make an award of spousal support through real property. Accordingly, appellant's third assignment of error is not well-taken.
On consideration whereof, this court finds that substantial justice was done the party complaining and the judgment of the Lucas County Court of Common Pleas, Domestic Relations Division, is affirmed. Court costs of this appeal are assessed to appellant.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, P.J., Richard W. Knepper, J., MarkL. Pietrykowski, J., concur.