O P I N I O N
Appellant Westfield Insurance Company ("Westfield") and Cross-Appellant Motorists Mutual Insurance Company ("Motorists Mutual") appeal the decision of the Stark County Court of Common Pleas that modified a judgment entry, dated February 24, 1993, and reinstated a cause of action against Ramona Cicchetti. Appellants also appeal the trial court's decision to vacate a default judgment entered on March 15, 2000. The following facts give rise to this appeal.
On January 28, 1990, Appellee Kelly was a business invitee at Dave 
Sam's Place and Restaurant. While in the parking lot, Ramona Cicchetti struck Appellee Kelly with her vehicle. As a result of the accident, Appellee Kelly was rendered a paraplegic. Ms. Cicchetti did not have automobile insurance on the date of the accident.
On January 28, 1991, Appellee Kelly filed a complaint in the Stark County Court of Common Pleas against David and Sabrina Freudeman, the owners of Dave Sam's Place and Restaurant, and John Does I and II. This case was assigned case number 91-140. Appellee Kelly also filed a separate action, along with National Insurance Association, against Ramona Cicchetti, on January 28, 1992. This case was assigned case number 92-CV-170.
Ms. Cicchetti failed to answer or appear in case number 92-CV-170 and Appellee Kelly requested a default judgment on April 20, 1992. The trial court granted default judgment on April 21, 1992. After the trial court granted default judgment, Appellee Kelly filed a voluntary dismissal, without prejudice, and withdrew as a party plaintiff on April 28, 1992.
On September 2, 1992, Appellee Kelly moved to amend the complaint to include Ramona Cicchetti as a defendant in case number 91-140. In response, the Freudemans brought to the trial court's attention that Appellee Kelly had already obtained a default judgment against Ms. Cicchetti in case number 92-CV-170. Thereafter, Appellee Kelly moved the trial court, in case number 92-CV-170, to vacate the default judgment as it related to him. The trial court granted Appellee Kelly's request on September 10, 1992. Subsequently, on September 21, 1992, Appellee Kelly amended his complaint and named Ramona Cicchetti as a defendant in case number 91-140. Prior to this amendment, on December 27, 1991, Ramona Cicchetti was deposed as a witness. Although properly served, Ms. Cicchetti did not answer or make an appearance in this action. The case proceeded and on February 18, 1993, Appellee Kelly executed a release in which he released claims against David and Sabrina Freudeman and Dave 
Sam's Place and Restaurant. On February 24, 1993, the trial court filed a judgment entry that contained the following language:
 Upon representation by the parties that this matter is settled, Plaintiff's Complaint is hereby dismissed with prejudice.
IT IS SO ORDERED.
The judgment entry was approved by counsel for Appellee Kelly as well as counsel for the Freudemans.
On December 20, 1999, almost seven years later, Appellee Kelly filed a motion for default judgment against Ramona Cicchetti in case number 91-140. On January 12, 2000, the clerk of courts mailed an assignment notice, containing a default hearing date. The trial court received notice, on January 20, 2000, that service failed. The trial court proceeded with the default hearing on March 15, 2000, and granted judgment against Ramona Cicchetti in the amount of $6,000,000.
Thereafter, Appellee Kelly contacted his employer's insurer, Westfield, and demanded coverage for his injuries pursuant to the Ohio Supreme Court's decision in Scott-Pontzer v. Liberty Mut. Fire Ins. Co. (1999), 85 Ohio St.3d 660. Upon presentation of the claim, Westfield filed a "Motion to Intervene and Motion to Recognize Void Status of Judgment or to Vacate" on August 9, 2000. Motorists Mutual filed a similar motion on October 19, 2000. Both motions requested the trial court to vacate the default judgment against Ramona Cicchetti on the basis that the trial court's judgment in the amount of $6,000,000 was void as a matter of law. Appellee Kelly filed a memorandum in opposition.On November 9, 2000, the trial court issued a judgment entry in which it found the judgment entry of February 24, 1993, dismissing the cause with prejudice did not conform to the settlement agreement and release which intended to only release David and Sabrina Freudeman d.b.a. Dave and Sam's Place and Restaurant and was not to include a dismissal of Ramona Cicchetti. The trial court reinstated the case against Ramona Cicchetti on its active docket. The trial court also vacated the default judgment which it had entered against Ramona Cicchetti on March 15, 2000, and granted the motions of Westfield and Motorists Mutual to intervene in the action.
Westfield and Motorists Mutual both filed notices of appeal. Westfield is designated the appellant and Motorists Mutual is the cross-appellant. Westfield sets forth the following assignment of error for our consideration:
 I. THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT MODIFIED THE FEBRUARY 24, 1993 ENTRY TO RECITE THAT THE CAUSE WAS DISMISSED WITH PREJUDICE AS TO DAVID L. FREUDEMAN AND SABRINA FREUDEMAN ONLY AND REINSTATED THE CAUSE ON ITS DOCKET AS AN ACTIVE CASE.
Motorists Mutual sets forth the following assignment of error in its cross-appeal:
 I. THE TRIAL COURT ERRED IN VACATING THE JUDGMENT ENTRY OF DISMISSAL, WITH PREJUDICE, DATED FEBRUARY 24, 1993, WHICH HAD UNCONDITIONALLY DISMISSED THE CLAIMS AGAINST ALL DEFENDANTS, INCLUDING DEFENDANT RAMONA CICCHETTI.
 I
We will simultaneously address the assignment of error raised in the appeal and cross-appeal as both concern the same issue. Westfield and Motorists Mutual both contend the trial court erred when it vacated the judgment entry of dismissal filed on February 24, 1993, as it pertained to Ramona Cicchetti, and reinstated the cause on its docket as an active case. We agree.
In addressing the various arguments raised on appeal, the first issue we must consider is whether the dismissal entry dated February 24, 1993, dismissed all the defendants, including Ramona Cicchetti. Based upon our review of this judgment entry, we conclude that it did. The term "parties" does not refer to any particular party. Further, the judgment entry states that "* * * Plaintiff's Complaint is hereby dismissed * * *" and does not indicate that it is dismissed only as to certain parties.
Appellee Kelly argues that the release executed on February 18, 1993, clearly indicates that the only parties he intended to dismiss were David and Sabrina Freudeman d.b.a. Dave and Sam's Place and Restaurant. The release does indicate this fact, however, at the time the trial court signed the entry of dismissal, the release was not a part of the record. In fact, the release did not become a part of the record until August 25, 2000, when Appellee Kelly attached it as an exhibit to his "Memorandum in Opposition to Westfield Insurance Company's Motion to Intervene and Motion to Recognize Void Status of Judgment or to Vacate."
The only other evidence Appellee Kelly submits in support of his argument is an affidavit from his counsel. Counsel indicates, in his affidavit, that he participated in drafting and approving the terms of the release and that it was his intention to only release David and Sabrina Freudeman, d.b.a. Dave and Sam's Place, and Dave and Sam's Place Restaurant. Affid. Attorney John Coury at paragraphs two and four. However, as with the release, this fact was not brought to the attention of the trial court until almost seven years after it signed the dismissal judgment entry.
Thus, at the time the trial court signed the entry of dismissal there was nothing contained, in the record, that indicated Appellee Kelly only intended to dismiss, with prejudice, certain parties to the complaint. Rather, as written, the judgment entry dismissed the complaint, with prejudice, against all the defendants named in the complaint. Further, Appellee Kelly's counsel, along with counsel for the Freudemans, approved and signed the judgment entry. Therefore, we conclude the judgment entry of dismissal, filed by the trial court on February 24, 1993, dismissed the complaint against all the defendants, including Ramona Cicchetti.
Since Ramona Cicchetti was dismissed from the lawsuit on February 24, 1993, the trial court could not enter a default judgment against her as it no longer had jurisdiction over the case. "A judgment rendered by a court lacking subject matter jurisdiction is void ab initio." Patton v.Diemer (1988), 35 Ohio St.3d 68, paragraph three of the syllabus. Further, a dismissal with prejudice acts as an adjudication on the merits. Tower City Properties v. Cuyahoga Cty. Bd. of Revision (1990),49 Ohio St.3d 67, 69; Chadwick v. Barba Lou, Inc. (1982),69 Ohio St.2d 222, 226; Manohar v. Massillon Community Hosp. (1997),122 Ohio App.3d 715, 718.[1] In the Chadwick case, the Ohio Supreme Court explained that:
 * * * [Civ.R. 41] provides that voluntary or involuntary dismissal, depending upon the particular circumstances, may be with or without prejudice. If the dismissal is with prejudice, the dismissed action in effect has been adjudicated upon the merits, and an action based on or including the same claim may not be retried. Thus, an action dismissed "with prejudice" is vulnerable to the defense of res judicata. * * *
Id. at 234.
Therefore, even if we were to conclude that the trial court had jurisdiction to address Appellee Kelly's motion for default judgment, since this matter was dismissed, with prejudice, against all the parties, the defense of res judicata applies prohibiting Appellee Kelly from again pursuing a claim against Ramona Cicchetti.
In its judgment entry of November 9, 2000, the trial court stated that it "* * * considers the Brief in Opposition by Plaintiff as a request to the Court to exercise its inherent corrective authority over its previous entries." Judgment Entry, Nov. 9, 2000, at 1. In the case of Horman v.Veverka (1987), 30 Ohio St.3d 41, the Ohio Supreme Court recognized a trial court's inherent power with respect to its orders.
The Horman case involved the dismissal of a complaint for want of prosecution. Id. at 41. The trial court's judgment entry did not contain the words "without prejudice." Id. Plaintiffs subsequently filed a motion to vacate the trial court's order. Id. The trial court granted plaintiffs' motion and reinstated the case on its docket. Id. The court of appeals concluded that the trial court improperly vacated its order of dismissal because plaintiffs failed to meet the requirements of Civ.R. 60(B). Id.
On appeal to the Ohio Supreme Court, the Court concluded that the trial court did not intend the dismissal to be "with prejudice" since the trial judge did not give notice to plaintiffs' counsel as required by Civ.R. 41(B). Id. at 42. The Court reversed the decision of the court of appeals and held that it was within the trial court's inherent power to reinstate the case to its docket as it was not a final appealable order. Id. at 42-43. In reaching this conclusion, the Court recognized that "[i]t has long been settled that, during a term of court, a trial court has inherent discretion with respect to its orders." Id. at 42.
We find the Horman case distinguishable from the case sub judice since it involved a dismissal without prejudice, which did not operate as an adjudication on the merits. Therefore, in the Horman case, the trial court had inherent power to vacate the dismissal and reinstate the case. However, in the matter currently before the court, the trial court dismissed the case with prejudice and therefore, did not have the inherent power to vacate the dismissal as it pertained to Ramona Cicchetti.
Westfield's and Motorists Mutual's sole assignments of error are sustained.
For the foregoing reasons, the judgment of the Court of Common Pleas, Stark County, Ohio, is hereby reversed and remanded for further proceedings consistent with this opinion.
 ___________________________ Wise, J
By: Hoffman Edwards, P. J., and Reader, V. J., concur.
[1] In the Manohar case, this court stated that "[u]nder Ohio law, a dismissal with prejudice by court order is a dismissal on the merits.Manohar at 718, citing Griggy v. Eichler (Sept. 12, 1986), Portage App. No. 1533, unreported.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is reversed and remanded and remanded for further proceedings consistent with this opinion. Pursuant to App.R. 24(A)(3), appellee shall pay costs in this matter.